THOMAS POTTER & another *vs.* PATRICK CAIN & trustee.

Worcester.    Oct. 8, 1874. — March 1, 1875.  COLT & MORTON, JJ.,
absent.

Where one enters into tne service of an employer under an express agreement, by
the terms of which his wages are to be paid at such times and in such parts as the
employer may from time to time elect, and he is not to leave the work unless the
contract is terminated by mutual consent, or he first gives thirty days' notice of
his intention to leave, and works out the time of such notice, the employer cannot
be charged, by the trustee process, during the continuance of the service.

TRUSTEE PROCESS.   Writ dated April 10, 1873.   The Ham-
ilton Woollen Company, summoned as trustee, answered, deny-
ing that, at the time of service on it, it had in its hands and pos-
session any goods, credits and effects of the principal defendant,
liable to be taken in said process ; and alleging that when service
was made the defendant was at work for the trustee, in common
with the other workmen in its employ, under a special contract
in writing under seal, dated June 1, 1872, and signed by the com-
pany and Cain, a copy whereof is in the margin ; * that the con-

---

* " Each subscriber hereto, in consideration of this contract for service and
the compensation paid therefor, does hereby promise said company, and agree
that while in its employ he will work faithfully and carefully observe all such
reasonable rules and regulations regarding his service and conduct in and
about the mill as said company shall find it expedient to establish for the man-
agement of its business; that he will not wilfully make any waste of, or do any
injury to any machinery, goods, stock or property of said company, in and
about the mill, and will make good in value in all cases, out of wages earned,
the amount of any such waste or injury.

" It is agreed, also, that said company may pay all wages earned at such
imes and in such parts as it may from time to time elect; that no subscriber
.ereto will leave its employ, unless this contract is terminated by mutual as-
sent, or as herein provided, without first giving thirty days' notice thereof,
and working out such notice; and that all wages earned shall at all times be
held liable to entire forfeiture to said company, in case of leaving without first
giving and working out the full time of such notice, and no person except the
treasurer of said company shall be authorized in its behalf to waive such no-
tice or give such assent.

" In case of any suspension of a part or the whole of the manufacturing
operations of said company, by fire or any other casualty, and in case of the
violation of the covenants of this contract, said company reserves the right tc
terminate the same with all persons who may be employed in any department

tract was delivered to the trustee, and is still in its possession, that the contract was entered into in good faith, in pursuance of the rules and regulations of the company in employing its help and managing its business, and for the purpose of preventing serious interruptions in its business by reason of persons leaving its employ without giving any notice thereof, and thereby leaving vacant places which cannot be filled without delay, the forfeiture therein provided aiding to prevent such leaving; that the principal defendant was satisfied with such contract; was at work under it, not having given any notice of an intention to leave its employ ; that the company has no fixed days of paying its help, but usually pays its help some time each month a part of their wages, retaining the balance under the contract, and that all wages earned by said defendant are claimed to be held by the trustee by virtue of and under the same, and that nothing was due the defendant absolutely when such service was made, but that all of the sums, at the election of the trustee aforesaid, may be held and may be forfeited ; that the wages earned since the last payment amount to $19.46 ; and that the company had not discharged the defendant or given him notice of an intention to terminate the same.

The trustee was charged in the Superior Court on its answer for $19.46, and appealed to this court.

*A. J. Bartholomew,* for the trustee.

*J. M. Cochran,* for the plaintiffs.

AMES, J. In *Hunt* v. *Otis Company,* 4 Met. 464, which was a suit for wages against a manufacturing corporation, the defence was that, by a regulation of the company made known to the plaintiff before entering their service, all persons in their employment were required to give four weeks' notice of their intention to leave ; that the plaintiff had left without giving such notice, and had therefore forfeited her wages and was not entitled to maintain the action. The court held that this defence was insufficient, and in the judgment, delivered by Mr. Justice Hubbard, it is remarked that the failure of the regulation to sustain the de-

___

so suspended, or who may violate this contract without notice, by paying the balance of all wages earned up to the time of such suspension or violation.

" Otherwise said company agrees to give all persons who shall have fulfilled the foregoing contract thirty days' notice of its intention to terminate the same."

fendant's interpretation of it was to be found in the fact that it did not provide, in express terms, " that in case of quitting without giving the four weeks' notice, the wages accrued should be forfeited. Had this been stated, the plaintiff would then fall within the penalty." And it was added that if the regulation, as in fact expressed, did not secure the advantages intended by the defendants, " they have only to enlarge their rule by adding to it a clause of forfeiture of wages accrued, and a requisition that operatives entering into their service shall sign it."

In the present case, the principal defendant, upon entering the company's service, signed a regulation containing all that, according to the dictum of Mr. Justice Hubbard, was wanting to justify the construction insisted upon by the Otis Company in the case above cited. The workman, in signing this regulation, agreed in so many words that the company might pay his wages at such times and in such parts as it might from time to time elect ; that he would continue in its employment; unless the contract should be terminated by mutual assent, until the expiration of thirty days' notice of his intention to leave ; and that if he should leave without first giving and " working out " such notice, all wages earned shall be liable to forfeiture to the company. The proper interpretation of this contract seems to us to be that nothing is due to the workman for his labor, until or unless he gives and " works out " such notice. What his rights might be in case of his wrongful discharge from the company's employment, it is not necessary here to consider. But, by the terms of his contract, it is not a case of *debitum in præsenti, solvendum in futuro*. It would make no difference that the wages were reckoned by the day, and that, as a matter of accommodation and favor, the practice of the company had been to make advances or payments on account at regular periods. As the contract stands, and so long as it remains unbroken by the company, the workman would have no right of action for any arrears of wages until after the expiration of the notice required by the regulation. *Wyman* v. *Hichborn*, 6 Cush. 264. *Hadley* v. *Peabody*, 13 Gray, 200.

We cannot say that such a contract, fairly and deliberately made, is unreasonable, oppressive, or contrary to public policy. It imposes no burden upon the workman that he cannot at any time remove by giving the stipulated notice. It secures the em-

ployer against interruption of his business by the abrupt with-drawal of help.   And so far as it has a tendency to prevent the expense and annoyance of trustee suits, it is a convenience which, in the absence of fraud, defeats no legal right and interferes with no legal claim of any other party.   *Gassett* v. *Grout*, 4 Met. 486.

For these reasons, we must order the     *Trustee discharged.*