# VanVleet *v.* Stratton.

## (*Jackson.* May 5, 1892.)

1. GARNISHMENT. · *Of debtor's wages ineffectual, when.*

   Garnishment of an employer for the purpose of subjecting an employe's wages to his debts is wholly ineffectual where the wages were earned and paid over to the employe, between the dates of service of the garnishment notice and the rendition of the garnishee's answer, pursuant to a contract, made in good faith, whereby the employer agreed to and did pay his employe's wages in advance. Such wages are not "property, debts, and 'effects" of the employe within the meaning of the garnishment laws.

   Code construed: §§ 3800, 3801, 3803 (M. & V.); §§ 3087, 3088, 3090 (T. & S.).

   Cases cited and approved: Mayor, etc., *v.* Potomac Ins. Co., 2 Bax., 296; Pickler *v.* Rainey, 4 Heis., 339; 117 Mass., 238; 38 Conn., 290; 51 Mich., 115.

2. SAME. *Same. Good faith of contract.* .

   And such contract between employer and employe is not fraudulent or illegal, although it was well understood by the parties making it that the stipulation for payment of wages in advance was intended to protect them against garnishment, and thereby enable the employe to support his family and pursue his vocation. The obligation to support one's family is of a higher order than the obligation to pay one's debts.

   Cases cited and approved: Leslie *v.* Joiner, 2 Head, 515; Hamilton *v.* Zimmerman, 5 Sneed, 39.

---

FROM SHELBY. .

---

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

THOMAS H. JACKSON for VanVleet.

M. R. PATTERSON and GANTT & PATTERSON for Stratton.

W. A. HENDERSON, Sp. J. On May 9, 1891, the defendants in error recovered a judgment against one Sheats for $75.25 before a Justice of the Peace for Shelby County. On this judgment an execution was sued out May 27, 1891, and, no property having been found, garnishment was, on that day, served upon the plaintiffs in error, commanding them to appear and answer on June 25, 1891, on which day the garnishees appeared, and filed answer that the said Sheats was indebted to them in the sum of $124.50; that he was their employe, on a monthly salary of $100 per month, and that no money had been paid him since the service of the writ of garnishment. On this answer the garnishees were discharged, but immediately an alias execution was issued, and another garnishment was served upon the plaintiffs in error, notifying them to answer on July 25, 1891, on which day they filed, answer, setting forth that, since June 25, 1891, the debtor had earned in their employment, and had been duly credited with, the sum of $100, and that they had loaned him $100 since that date, and that he was, on that date, indebted to them in the sum of $104.50. On this answer the garnishees were again discharged. Immediately a pluries execution was issued, and another garnishment served, notify-

ing plaintiffs in error to appear and answer on August 25, 1891, when they appeared and filed substantially the same answer, upon which the Justice rendered judgment against the garnishees, who appealed the case to the Circuit Court.

On the trial in the Circuit Court, the plaintiffs in error appeared, and, upon oral examination, substantially stated that what was meant by the statement that $100 had been "loaned" the debtor, and the truth of the matter was, that, upon the service of the first garnishment, the debtor, who was one of their employes, came to them, and, in substance, stated that he had a family to support, and if his monthly salary was to be tied up or absorbed in this way he would be compelled to abandon their employment and seek a livelihood in some other way elsewhere; that they desired his services, and, in order to retain them, agreed to pay his monthly wages in advance, which had been accordingly done.

Upon this answer, His Honor, the Circuit Judge, rendered judgment against the garnishees. This was erroneous. To authorize such a judgment, it must clearly and obviously appear that the garnishees were indebted to the debtor, or that a debt had existed, which had been seized and impounded by the garnishment. Obviously, the garnishees were not then indebted, nor, so far as this record shows, had they ever been. 2 Bax., 296; 4 Heis., 339.

The judgment is defended before us on a charge

of fraud against the parties. It is ingeniously and ably argued that the debtor was under obligation to pay this debt, and that, in order to hinder and delay the collection of it, a covinous arrangement was entered into by which the garnishees agreed with the debtor to pay him in advance for his labor, instead as had theretofore been done.

We are not persuaded that this was fraud. It is true the debtor was under obligation to pay the debt, but he was under higher legal and moral obligation to support his family. 2 Head, 515; 5 Sneed, 39. To comply with this obligation, there is nothing illegal nor immoral in demanding pay for one's services in advance.

As to the plaintiffs in error, they were under no obligation whatever to the defendants in error. What right has a creditor to say to an employer, "You must not pay your employe in advance, but allow his wages to accumulate, so that a fund may arise in your hands from which I may realize my debt?"

One question remains. Of course, if, at the time of the service of the garnishment, a debt was *in esse*, due or undue (questions as to negotiable and assignable paper being out of the way), the same may be seized and impounded; but if nothing whatever is due, nor any debt exists not yet due, may you summon an employer before a Justice month by month, or before a Court term by term, and thus prevent any payment of wages to him, as was attempted in this case? Can this writ

place the defendants in error on higher grounds than the debtor with reference to his employer? Drake on Attach., 458.

The execution of a writ at law cannot seize a thing that has no existence. An after-born thing— for instance, a debt—cannot be born into a levy that had previously been made, unless it be controlled by a statute, clear and unambiguous in its terms. This principle is conceded in this case, but it is insisted that our statutes go to that extent. Mr. Drake commends such laws for the convenience of collecting debts, and quotes Alabama and Missouri as having passed such Acts.

We do not so construe our statutes. In Code, §§ 3800, 3801, great latitude is very properly given to the creditor as to what questions he may ask the garnishee, like a bill of discovery, which may help him in his search for assets. Yet, in the subsequent section, where it speaks, among other things, of "debts" as being held liable under the writ, it does not mean an intangible expectancy, depending on the will of the debtor, but a chose in action in existence at the moment of the levy. Drake on Attach., 559; 117 Mass., 238; 38 Conn., 290; Free. on Ex., Vol. I., Sec. 164; 51 Mich., 115.

This construction of the statute and of the answers of the garnishees compels a reversal of the judgment below.

Judgment will be rendered here for the garnishees, with costs.