HOLKER, *Appellant*, v. HENNESSEY *et al.;* HOWENDOBLER, *Garnishee, Respondent.*

Division One, February 23, 1898.

1. **Garnishment:** WHEN GARNISHEE IS LIABLE. In order that an indebtedness may be liable to garnishment, it must be shown to be absolutely due as a money demand, unaffected by liens or prior incumbrances or conditions of contract. Except in cases of fraud, the creditor can claim no higher rights against the garnishee than the debtor could claim against him.

2. ———: ———: SURETY ON APPEARANCE BOND. The garnishee was surety on two appearance bonds of $2,500 each of two defendants who had been indicted for stealing money from plaintiff, and their bonds severally fixed at $4,000. Before garnishee became such surety, and as a condition thereto, defendants deposited with him $2,500 each as an indemnity, and plaintiff, to recover the money stolen, began attachment proceedings against the defendants, and summoned the surety as garnishee. The reply failed to show a money demand due from the garnishee to the defendants, nor did it show a discharge of the conditions of the bonds, or the release of the garnishee from any liability thereon. Plaintiff based his action on the theory that the bonds were nullities and void, because they were not taken in accordance with the requirements of the statute, and hence that he had a right to the $5,000 deposited with the garnishee, that being a less sum than was stolen from him. *Held*, that it can not be determined in this action that the bonds are nullities and void, and that as the bonds are only voidable, and the garnishee's liability thereon is still contingent, this suit can not be maintained until their invalidity has been determined in a separate suit.

*Appeal from Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Frank Griffin* and *W. W. Ramsay* for appellant.

(1) In this proceeding appellant's reply to and denial of garnishee's answer to interrogatories stands in the place of a petition. *Bank v. Dillon*, 75 Mo. 380; *Grosch v. Bardenheimer*, 15 Mo. 353. (2) The facts stated in appellant's reply are admitted by the demurrer. *McKinnic v. Mathews*, 59 Mo. 99; *Plant Seed Co. v. Michael Plant & Seed Co.*, 23 Mo. 579. (3) The appellant had a lien upon all the estate of Hennessey and Green who had stolen his money, from the date of their arrest, and was entitled to pursue this money by this remedy. R. S. 1889, sec. 4317. (4) The pretended bail bonds of $2,500 each signed by garnishee are void. The sheriff was without authority to take or

approve them, having no order of the court, judge thereof or clerk authorizing him to accept same. R. S. 1889, secs. 4123 and 4124. The only instances where a sheriff can fix the amount of bail and take bond are in misdemeanors. R. S. 1889, sec. 4126. He can only take bail in felony cases, when amount is fixed by order of court or when amount is indorsed on warrant by the judge or clerk. R. S. 1889, sec. 4126; *State v. Jenkins*, 24 Mo. App. 433. (5) The court having fixed the amount of bail at $4,000 each by order entered of record, the sheriff had absolutely no authority to take bail in any less or different sum. *Waugh v. People*, 17 Ill. 561; *State v. McCowin*, 24 W. Va. 623; *Nicholson v. State*, 2 Ga. 323; *State v. Wininger*, 81 Ind. 51; *State v. Watson*, 54 Mo. App. 416; *State v. Field*, 20 S. W. Rep. 672. (6) Now, keeping in view the fact that these bail bonds are absolute nullities, they create no condition or contingency to render the money in garnishee's hands free from garnishment. *Johnson v. Mason*, 16 Mo. App. 271. Even if the contingency of garnishee's liability upon bail bond was to be determined, he should not be discharged. *Weil v. Posten*, 77 Mo. 284. The bail bond being void, creates no condition or contingency. No demand for return of money on part of Hennessey or Green is necessary. Therefore this proceeding will lie. 8 Am. and Eng. Ency. of Law, p. 1149; Waples on Attachment, 218.

*Gallatin Craig* for respondent.

(1) Under the facts stated in plaintiff's denial, there is no relation of debtor and creditor existing between this garnishee and the defendants in the attachment suit. In order to charge him as garnishee, such relation must appear; he can not thus be charged in the

absence of fraud, unless the defendants could recover
of him the money in question.   This garnishee's liabil-
ity to the defendants is the measure of his liability to
plaintiff.   Waples on Attach. and Garnish. [2 Ed.],
secs. 357 and 373, and cases cited in notes; *Fenton v.
Block*, 10 Mo. App. 536; *Firebaugh v. Stone*, 36 Mo.
114; *McPherson v. Railroad*, 66 Mo. 103; *Retter v. Ins.
Co.*, 28 Mo. App. 140; *Tittlosen Trust Co. v. Bank*, 57
Mo. App. 19; *Jewell Pure Water Co. v. Harkness*, 49
Mo. App. 357.   (2)  Plaintiff's denial, among other
things alleges "that the money so left with the gar-
nishee was left as indemnity against legal liability on
account of garnishee John M. Howendobler and Elmer
Fraser signing said pretended bonds."   The recog-
nized doctrine in this State is that in order that an
indebtedness may be liable to garnishment, it must be
shown to be absolutely due as a money demand un-
affected by liens or prior incumbrances or conditions
of contract.   *Scales v. Southern Hotel Co.*, 37 Mo. 520;
*Heege v. Fruin*, 18 Mo. 141; *Ritter v. Ins. Co.*, 28 Mo.
App. 140; Drake on Attach. [7 Ed.], sec. 545;
Waples on Attach. and Garnish. [2 Ed.], pp. 271 and
272.   (3)  Plaintiff also alleges in his denial that the
money in question was delivered to and deposited with
this garnishee and one Elmer Fraser, subject to the
control of this garnishee with the understanding that
the same be paid back to Hennessey on release of How-
endobler from said recognizance.   This allegation bases
Hennessy's right to have the money refunded to him,
on the contingency of Howendobler's (garnishee's)
release from said recognizance.   Drake on Attach.
[7 Ed.], sec. 551; *McQuarry v. Geyer*, 57 Mo. App. 213.
(4)  In the absence of fraud, a garnisheeing creditor
occupies no better position toward the garnishee than
does the defendant.   Accordingly funds of the defend-
ant in his hands, which are held by him as an indem-

nity against an outstanding claim, are not subject to garnishment. *McQuarry v. Geyer*, 57 Mo. App. 213; *Jewell Pure Water Co. v. Harkness*, 49 Mo. App. 357. There must be no condition precedent, no impediment of any sort between the garnishee's liability and the defendant's right to be paid, such as the attaching creditor or himself can not remove. Waples on Attach. and Garnish. [2 Ed.], sec. 363; *Mercantile Co. v. Bettles*, 58 Mo. App. 384. (5) The validity of the bail bonds in question can not be determined or inquired into in this collateral proceeding, for the reason the parties in interest to said bonds are not parties to this suit, and in no way affected or bound by a decision that might be rendered herein. Black on Judg., secs. 597, 600 and 610.

BRACE, P. J.—The respondent Howendobler was summoned as garnishee in a suit by attachment instituted in the Nodaway circuit court by appellant Holker, against the defendants Hennessey, Green *et al.* This is an appeal from a judgment of said circuit court sustaining a demurrer of the garnishee, Howendobler, to the reply of the plaintiff Holker to the garnishee's answer denying possession of any effects or credits of, or any indebtedness to, the defendants. By mistake the appeal was taken to the Kansas City Court of Appeals, and thence transferred to this court. Since the appeal the plaintiff has died and the cause has been revived here in the name of his administratrix, Margaret M. Holker.

The facts stated in the reply, as epitomized in the brief of counsel for appellant, are as follows:

"1. That Ed Hennessey and John Green, with their codefendants in the attachment suit, were justly indebted to the appellant in the sum of $5,233.33 for

having on the 13th day of June, 1894, feloniously stolen that sum from appellant.

"2. That for the commission of said felony, said Hennessey and Green were, at the June term, 1894, of the Nodaway County Circuit Court, indicted, and for want of bail were committed to the jail of Nodaway county, then in charge and kept by one Benjamin F. Pixler, sheriff of said county.

"3. That at the date of their commitment the circuit court, by its order entered of record, fixed the amount of bail to be required of said Hennessey and said Green each severally at the sum of $4,000.

"4. That on the 13th day of September, 1894, while the Honorable Cyrus A. Anthony, judge of said court, was absent from the county, the said Hennessey and Green, their codefendants in attachment, acting with them, in order to procure the release of said Green from custody, did deliver to and deposit with the garnishee, John M. Howendobler, and one Elmer Fraser, subject to the order of this garnishee, the sum of $2,500 with the understanding that the same be paid back to Green on the release of Howendobler from liability upon a recognizance which they induced said Howendobler to then sign in the sum of $2,500, said pretended bail bond being taken for said Green's appearance at the November term of said court, 1894.

"5. That on the 24th day of September, 1894, while the judge of said court was absent from the county, the said Hennessey and Green, their codefendants acting with them, in order to procure the release from custody of said Hennessey, did deliver to and deposit with said garnishee the further sum of $2,500 to induce said garnishee to sign another pretended bail bond for the appearance of said Hennessey at the November term, 1894, in the sum of $2,500.

"6. That said pretended bail bonds were accepted by Sheriff Pixler, and said Hennessey and Green were released from jail on account thereof.

"7. That the money so left with the garnishee was left as indemnity against legal liability on account of the garnishee having signed said pretended bonds.

"8. That said pretended bail bonds were and are void and of no virtue and effect in law.

"9. That said Sheriff Pixler was without legal authority to receive, accept or approve said bonds or either of them.

"10. That no order of court, nor the judge thereof in vacation, nor the clerk thereof, authorized the making, taking or accepting of said bonds.

"11. That the amount of each of said bonds, to wit, $2,500, was not indorsed upon the warrant of arrest or on the commitment upon which the said Green and said Hennessey were arrested and held.

"12. That by reason of the foregoing facts the garnishee has in his custody the sum of $5,000 of the property of said Green and Hennessey and their co-defendants in attachment, subject to this garnishment proceeding."

I. According to the allegations of the reply the money was deposited with the garnishee to indemnify him against liability as surety on the bail bonds taken by the sheriff, by means of which the release of the said Hennessey and Green, from the custody of the sheriff in which he was then held to answer an indictment for a felony, was procured. The only question raised by the demurrer is, whether the said Howendobler can be charged as garnishee as to the money so deposited, while the bail bonds thus given remain in such force as they had when they were taken, when the money was deposited, and when the garnishment was served.

It is settled law in this State that "in order that an

indebtedness may be liable to garnishment it must be shown to be absolutely due as a money demand, unaffected by liens or prior incumbrances or conditions of contract" and that except in cases of fraud, "the creditor can claim no higher rights against the garnishee than the debtor could claim against him." *Scales v. Southern Hotel Co.*, 37 Mo. 520; *Weil v. Tyler*, 38 Mo. 545; *McPherson v. Railroad*, 66 Mo. 103; *Fenton v. Block*, 10 Mo. App. 536. "The indebtedness, to be the subject of garnishment, must be certain, not depending upon contingency. There must be no condition precedent, no impediment of any sort between the garnishee's liability, and the defendant's right to be paid such as the attaching creditor himself can not remove." *Mercantile Co. v. Bettles*, 58 Mo. App. 384; Drake on Attachments, sec. 551. In a recent excellent work on this subject the rule deduced from authorities cited from nearly all the States is thus stated: "Contingent liability on contract affords no ground for garnishment. So long as it is uncertain whether the garnishee owes the defendant, he can not be charged, as the attaching creditor can have no greater right by subrogation than the defendant has directly against the garnishee. The rule that there can be no garnishment judgment on a conditional contract or contingent obligation is too well settled to require comment. Debt is different from attached property, which, under some circumstances, may be held until uncertain ownership has been settled." Waples on Attach. and Gar. [2 Ed.], sec. 373, p. 272. The facts stated in the reply fail to show a money demand absolutely due from the garnishee to the defendants in the attachment suit. On the contrary, it shows only a possible contingent liability, dependent upon a discharge of the conditions of the bond, or the release of Howendobler from any liability thereon in some other way. That he has been so discharged or

released, is not contended, but the contention is that the bond not having been taken in áccordance with the requirements of the statute, no legal obligation for the penalty thereof was imposed upon the obligors. But that is a question that can not be determined in this case so as to protect the garnishee. That is a question between the obligee and the obligors on the bond, in the determination of which the judgment in this case would have no force. *Strauss v. Ayres*, 87 Mo. 348. It may turn out when that question comes to be investigated in a proper case between the proper parties that appellants' counsel may be mistaken in their views upon that subject, or if, perchance, the garnishee, (the surety upon the bonds) should feel disposed in such a case to contest the validity of the bonds, and be successful, he would still be entitled to indemnity under his contract for the expense of such contest, his liability to the defendant being still contingent. The vice of appellant's argument is in assuming that these bonds are nullities and can be so declared in this action, neither of which propositions is true. It may be that the bonds are voidable and would be avoided in an action between the proper parties, but they are not nullities. *State ex rel. Jean v. Horn*, 94 Mo. 162, and cases cited; *Jones v. Gordon*, 9 S. E. Rep. (Ga.) 782. They were executed by the garnishee in good faith for a valuable consideration, moving directly to the defendants, and while as to their obligatory force, between him and those who received that consideration in whose shoes the creditor stands, there may be serious question (upon which we express no opinion), until that question is adjudicated and the surety's liability on the bonds conclusively determined, the defendants have no right of action against the surety on the contract in question and consequently their creditor has none by garnishment.

The contention that the plaintiff has a lien upon

the money deposited with the surety upon the bail bonds to indemnify him, which may be enforced by garnishment in the circumstances of this case, is ruled adversely to the plaintiff, on the authority of *Holker v. Hennessey*, 141 Mo. 527.

The judgment of the circuit court is affirmed. Robinson and Williams, JJ., concurring.