LYNN H. DINKINS, Appellant, v. GRUNDEN-MARTIN WOODENWARE COMPANY, Garnishee of FRANK E. GOTTSELIG, Respondent.

| 90 | 639 |
| 91 | 213 |
| 90 | 639 |
| s99 | 314 |

St. Louis Court of Appeals, December 3, 1901.

1. **Garnishment: ATTACHMENT: FIERI FACIAS, WHEN RETURNABLE: EXECUTIONS: STATUTORY CONSTRUCTION.** The provision in the attachment law (section 388, Revised Statutes 1899), that a garnishee shall be summoned to answer at the return term of the writ, must be read in connection with the garnishment statutes and with the section in the chapter on "Executions" permitting a *fieri facias* to be returnable at the second term subsequent to its issuance.

2. ———: ———: ———. And when so read, the effect of the two sections is, that one garnished on execution shall be summoned to answer to the return term of the writ, whether that be the first or second term after its date.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

REVERSED AND REMANDED *(with directions)*.

*Bland & Cave* for appellant.

(1) The writ of *fieri facias* was legally and properly made returnable to the December term. R. S. 1899, sec. 3154. (2) Where the law fixes a day for the return of an execution, such return should not be made before that day. Marks v. Hardy, 86 Mo. 232, and cases cited. (3) Garnishment is a mere notice issued as an incident or auxiliary to the writs of attachment and execution. And "the notice or summons to the garnishee is not a judicial writ," contains no command to the officer and can of itself have no return day. Grocer Co. v. Carlson, 67 Mo. App. 179; Todd v. Railroad, 33 Mo. App. 110; Hackett v. Gihl, 63 Mo. App. 453; Wilie v. Cohn, 63 Fed. Rep. 759. (4) "Garnishment is one of the modes pointed out by the statute by which the writ (of execution) is executed, and is not a new suit but an incident or auxiliary of the judgment and a means of obtaining satisfaction of the same by reaching the defendant's credits." Tinsley v. Savage, 50 Mo. 141; Ritter v. Ins. Co., 28 Mo. App. 140; Goodman v. Gordon, 61 Mo. App. 691.

No brief for respondent furnished reporter.

GOODE, J.—Plaintiff obtained a judgment in the circuit court of the city of St. Louis, against the defendant, Frank E. Gottselig, for nearly seventeen hundred dollars, on the fourteenth day of February, 1900, on which judgment an execution was issued the fourth day of June, following, returnable the first Monday in December, thereafter. On

the seventh day of June the writ was executed by attaching in the hands of the Crunden-Martin Woodenware Company, all goods, moneys, effects, rights, credits, chattels, choses in action or evidence of debt, of, or belonging to said Gottselig, or so much thereof as would be sufficient to satisfy the judgment, interest and costs, and by summoning said company as garnishee to appear before said circuit court at the return day of the writ, to-wit, the first Monday in December, to answer such interrogatories as might be exhibited by the plaintiff.

Interrogatories were propounded on the fifth day of December, the same being the third day of the December term. The garnishee filed a motion to strike them from the files and to quash and dismiss the garnishment proceeding, on the ground that the summons to the garnishee was null and void because it was summoned to appear and answer at the second term after service of the writ, instead of the succeeding October term. The court below sustained said motion, dismissed the garnishment and discharged the garnishee. Plaintiff appealed.

The execution was an ordinary writ of *fieri facias,* and was properly made returnable to the second succeeding term of said circuit court, which was to convene in December, if the plaintiff so directed. R. S. 1899, sec. 3154. The statutes provide that when a *fieri facias* is issued, it shall be the duty of the officer in whose hands it is placed, if directed by the plaintiff, his agent, or attorney, to summons garnishee and *with like effect as in case of an original attachment;* also, that the service of garnishment in such case and the subsequent proceedings, *shall be the same as in garnishment under an attachment.* R. S. 1899, sec. 3434. These provisions relate to the manner in which service on the garnishee shall be had, the effect of it and the course of procedure to be thereafter followed in the proceedings against the garnishee, and can

Vol 90 app—41

not be fairly construed to mean that the latter must necessarily be summoned to the next term of court as in the case of garnishment in attachment cases. There could be no question that a garnishee must be so summoned, if an execution could only run one term. But inasmuch as it may, and in this case did, run to the second term, the effect of the garnishment continues to the return day of the execution and binds all the property and credits in the garnishee's hands, or which may come into them before he files his answer. The purpose of allowing a *fieri facias* to live over one term, was to aid a judgment creditor to collect his debt by a seizure of the defendant's effects or credits by either levy or garnishment, at any time during the interval. The provision in the attachment law (section 388), that a garnishee shall be summoned to answer at the return term of the writ, must be read in connection with the garnishment statutes and with the section in the chapter on executions, permitting a *fieri facias* to be returnable at the second term subsequent to its issuance. When so read, the effect of the two sections is, that one garnished on execution shall be summoned to answer to the return term of the writ, whether that be the first or second term after its date. This conclusively appears from the provision of the chapter on garnishment, that the interrogatories to the garnishee shall be filed by the plaintiff during the first three days of the return term of the writ. R. S. 1899, sec. 3445. If he had to be summoned in all cases to the first term after he was served, even though the execution was returnable to the second one, there would occur sometimes the incongruity of a garnishee being summoned to a term at which there were no interrogatories for him to answer and nothing for him to plead to or do; for there is no writ except the execution, the garnishee being summoned merely by a notice given to him by the officer. Todd v. Railway Co., 33 Mo. App. 110.

We think, therefore, the learned circuit judge erred in

striking out plaintiff's interrogatories and quashing the garnishment proceedings. That ruling is reversed and the cause remanded, with the direction that he set aside the order sustaining the garnishee's motion to that effect, overrule said motion and proceed in due course with the garnishment matter. All concur.