Dinkins v. Crunden-Martin Woodenware Co.

---

LYNN H. DINKINS, Respondent, v. CRUNDEN, MARTIN WOODENWARE COMPANY, Garnishee of FRANK E. GOTTSEELIG, Appellant.

91   209
s99   314
s99   317

**St. Louis Court of Appeals, December 17, 1901.**

1. **Garnishment:** EXEMPTION: SALARY: STATUTORY CONSTRUCTION: EXECUTION. The only property persons not the head of a family may hold exempt from execution, is their wearing apparel, and their tools and implements if they are mechanics and carrying on their trade. (Revised Statutes 1899, section 3158).

2. ————: POWER OF COURTS TO EXTEND EXEMPTION STATUTES. Courts have no power to extend the exemption statutes to

cover the salary or wages of such persons, nor can they, by collusive arrangements with their employers in regard to the time when they shall be paid for their work, prevent their wages from being garnished.

3. ————: SUMMONS, TO GARNISHEE WHEN RETURNABLE. This court passed on the question whether a summons to a garnishee to appear at the return day of a *fieri facias* which was made returnable to the second succeeding term of court out of which it issued in another controversy between these parties (Dinkins v. Crunden-Martin Woodenware Co. et al., 90 Mo. App. 639).

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

The Crunden-Martin Woodenware Company was garnished the nineteenth day of February, 1900, on an execution against Frank E. Gottseelig, the execution being returnable to the first Monday of the following June term of the circuit court, to which time the garnishee was summoned.

The material facts were found by the trial court as follows:

"The court finds the facts in this case to be that at the time of service of garnishment, February, 19, 1900, the defendant, the execution debtor Gottseelig was indebted to the garnishee in the sum of $333.49, and at the time of filing the answer, June 1, 1900, in the sum of $362.49, as set out in the garnishee's answer verified by affidavit, and that it paid defendant $400 salary between said two dates earned by him during said time.

"The court finds the law to be that the garnishee was entitled to credit the defendant with salary earned on the said amount of his indebtedness to it until the same was extinguished,' but that the balance of $400 salary earned and paid

aforesaid over and above said amount due it from defendant of $333.49, total $66.51, under the law was attached in garnishee's hands by the service of garnishment, and there will be a judgment for plaintiff against garnishee for said amount of $66.51 and costs."

This instruction was requested by appellant and refused.

"If the court, sitting as a jury, find from the evidence that the garnishee advanced money from time to time during the month by an agreement with the defendant, Frank E. Gottseelig, and that said money was credited on the salary of said defendant, and if the court finds that said defendant was at all times and at the end of each month indebted to said garnishee, then the finding of the court should be for the garnishee."

*C. H. Kern* for appellant.

(1) Garnishment is unknown to the common law and therefore a strict compliance with the statutory requirements is necessary. Epstein v. Salorgne, 6 Mo. App. 354; Huffman v. Sisk, 62 Mo. App. 403; Wyeth Hardware Co. v. Lang, 54 Mo. App. 152. The summons in garnishment should be the same as in garnishment by attachment. R. S. 1899, sec. 3434; Connor v. Pope, 18 Mo. App. 90. (2) A summons not returnable in the manner and form required by law is void and confers on the court no jurisdiction. Coda v. Thompson, 19 S. E. 548; Edler v. Hasche, 67 Wis. 658; McDonald v. Vignette, 58 Wis. 620; Houston v. Porter, 10 Iredell 174; Padden v. Moore, 58 Iowa 703. (3) A void summons in garnishment is not cured by garnishee's appearance, and is subject to attack at any stage of the proceedings. Epstein v. Salorgne, 6 Mo. App. 354; Henderson v. Henderson, 55 Mo. 544. (4) As the garnishee is a mere stakeholder, the garnishment can not alter his contractual relations with the defendant. Friebaugh v. Stone, 36 Mo. 111; Weil v. Tyler,

38 Mo. 545; Drake on Attachments (7 Ed.), sec. 594. (5) To be subject to garnishment, money must be due absolutely, unaffected by any liens, prior incumbrances or conditions of contract. Heege v. Fruin, 18 Mo. App. 139; Scales v. Southern Hotel Co., 37 Mo. 520; Mercantile Co. v. Bettles, 58 Mo. App. 384; Victor v. Ins. Co., 33 Iowa 212; Alexander v. Pollock, 72 Ala. 139; Van Vleet v. Stratton, 91 Tenn. (7 Pick.) 474. (6) Garnishee is not estopped by the service of the writ from advancing defendant money before any is owing, and is not liable for money so advanced. Reinhart v. Soap Works, 33 Mo. App. 26; Bank v. Anderson, 36 S. W. 964; Railroad v. Blagden, 33 Ill. App. 254.

*Bland & Cave* for respondent.

(1) If a summons in garnishment is void in toto it is not cured by the garnishee's appearance; but where the notice, forming a part of such service, is merely defective, in that it summons the garnishee to appear at an improper time, such defect is waived by the appearance and answer of the garnishee. Wilie v. Cohn, 63 Fed. Rep. 759; Gilmore & Ruhl v. Cohn, 102 Iowa 254; Dooley v. Miles, 101 Ga. 797; National Bank v. Titsworth, 73 Ill. 591; Aultman, Miller & Co. v. Markley, 63 N. W. 1079. (2) The writ of *fieri facias* was legally and properly made returnable to the June term. R. S. 1899, sec. 3154. (3) Where the law fixes a day for the return of an execution, such return should not be made before that day. Marks v. Hardy, 86 Mo. 232, and cases cited. (4) Garnishment is a mere notice issued as an incident to the writs of attachments and executions. And the "notice or summons to the garnishee is not a judicial writ," contains no command to the officer and can of itself have no return day. Gregor Grocer Co. v. Carlson, 67 Mo. App. 179; Todd v. Railroad, 33 Mo. App. 110; Hackett v. Gihl, 63 Mo. App. 453; Wilie v. Cohn, 63 Fed. Rep. 759.

GOODE, J.—I. We passed on the question whether a summons to a garnishee to appear at the return day of a *fieri facias* which was made returnable to the second succeeding term of the court out of which it issued, in another controversy between these parties. Dinkins v. Crunden-Martin Woodenware Co. et al., 90 Mo. App. 639. In that case we decided that such a garnishment service was effective and adhere to the ruling as the proper construction of our garnishment and execution statutes.

II. The instruction requested by the appellant was properly refused. There is no testimony that defendant Gottseelig was the head of a family when the garnishment writ was served, or from then to the filing of the garnishee's answer. The effect of the garnishment was to attach all indebtedness then owing by the garnishee to the defendant or that *might be owing* between those dates. R. S. 1899, sec. 3436. The only property persons not the head of a family may hold exempt from execution, is their wearing apparel, and their tools and implements if they are mechanics and carrying on their trade. R. S. 1899, sec. 3158. We have no power to extend the exemption statutes to cover the salary or wages of such persons. Nor can they, by collusive arrangements with their employers in regard to the times when they shall be paid for their work, prevent their wages from being garnished. The purpose of the garnishment law would be, to some extent, defeated if judgment debtors could put their earnings outside its scope by having their employers pay them from month to month in advance; and for us to sanction such a course would confer on employees who are not heads of families, an exemption which the Legislature allowed only to those who are. R. S. 1899, sec. 3435. The cases in other States, cited by appellant, are not persuasive, as they construe statutes essentially different from ours.

The judgment is affirmed. *Bland, P. J.*, and *Barclay, J.*, concur.