LYNN H. DINKINS, Respondent, v. CRUNDEN-MARTIN WOODENWARE COMPANY, Appellant.

St. Louis Court of Appeals, March 3, 1903.

1. **Jurisdiction**: GARNISHMENT: DEBT DUE NON-RESIDENT. In the case at bar, jurisdiction of the garnishment proceeding to collect a debt due to a non-resident of the State from a resident of it, is properly entertained by a court of this State.

2. **Garnishment**: DEBT: PROCEEDINGS: PRACTICE, TRIAL. Section 3436, Revised Statutes 1899, provides that notice of garnishment shall attach all personal property, credits, etc., which the garnishee has in his possession or owes at the time of the service, or which may come into his possession or be owing by him between that time and the filing of the answer.

3. ———: ———: ———: ANSWER. It is the policy of the statutes of this State to extend the efficacy of the garnishment beyond the service to the filing of the answer.

Dinkins v. Crunden-Martin Woodenware Co.

4. ——— : ——— : RESIDENT OF THE STATE. The benefit as to the exemption of wages is extended only to residents of this State.

5. ——— : ——— : UNLIQUIDATED DAMAGES: LIQUIDATED DAMAGES: PRACTICE, TRIAL. If the claim of a judgment debtor against a garnishee is one for unliquidated damages when notice of garnishment is given, but becomes liquidated by a judgment between that date and the filing of the answer, the claim is subject to garnishment.

6. ——— : ——— : WAGES. Wages which accrued prior to the date when the garnishee answers, though subsequent to the notification of the garnishee, are subject to be impounded to pay a judgment creditor.

Appeal from St. Louis City Circuit Court. — *Hon. Warwick Hough*, Judge.

AFFIRMED.

*Zach J. Mitchell* and *C. H. Kern* for appellant.

(1) There was no evidence before the court upon which to base any judgment herein in favor of plaintiff, as plaintiff offered in evidence no judgment or execution in his favor against garnishee's presumed creditor, debtor in original case No. 16122 referred to in statement heretofore. Or any other evidence of said garnishee's creditor being plaintiff's debtor in any amount whatsoever—plaintiff's interrogatories (not a pleading or evidence) herein were directed solely to inquiring as to what garnishee owed if anything to plaintiff's judgment debtor, or what moneys had it paid him between service of garnishment on it and time garnishee filed its answer thereto. And whatsoever the amount so owed or paid as its answer shows, yet, this alone was no evidence upon which to transfer by judgment herein, garnishee's liability therefor from its said creditor to plaintiff. But said answer (to be taken as true) denied any indebtedness on service of said writ, and averred an indebtedness from said debtor to it, and further answering admitted to afterwards continuing him in its

employment and notwithstanding his said indebtedness to it, permitted him to appropriate out of its moneys entrusting him sums to the amount of his salary monthly, but denied its responsibility in so doing as garnishee to plaintiff herein; upon which the court, presuming plaintiff had judgment against garnishee's said creditor for some amounts and that he had execution therefor, without having anything before it but said interrogatories and answer erred in this; without evidence prematurely entering up the judgment herein complained of. Spengler v. Kaufmann, 43 Mo. App. 10. (2) And as the last point, we submit that the trial court only recognized the interrogatories filed herein, and so vital to the issues herein, upon the mandate of this court in this case when originally before it, as aforesaid and cited (90 Mo. App. 639); and we submit, with all due respect to the court, that this court erred therein in its finding in said case, and whilst its said opinion is the law, and was so conclusive and beyond control of and mandatory upon the trial court, nevertheless it is not beyond the control of and reconsideration by this court, but always open to review by the court upon its own motion or upon the suggestion of other litigators directly affected thereby, as are appellants herein. So we do not hesitate, in view of its continued direct bearings upon this case, and of this being the first appellate State court's construction of the statute involved, as also its general importance from a commercial standpoint of view, to submit, as we do submit, that the making of said interrogatories herein returnable to the next term after the return term of the writ, that is, to the December term, 1900, of its court, being in direct conflict with said laws of the State, to-wit, section 3434 and section 388, construed together, made them a nullity and void, and garnishee was and is in law under no legal liability whatsoever by reason thereof. Epstein v. Salorge, 6 Mo. App. 354; Henderson v. Henderson, 55 Mo. 544, and cases cited.

*Bland & Cave* for respondent.

(1)   The different sections of chapter 33 of the Revised Statutes of 1899 must be construed in the spirit of the whole law, and all parts being *in pari materia*, must be construed together and made to harmonize. And, construing section 3436 in this light, the answer referred to therein can only be the garnishee's answer to the interrogatories. Secs. 3436 and 3446, R. S. 1899.   (2)   A motion, even going to the merits of the cause, is in no sense an answer under any of the provisions of our code—it merely dispenses with the necessity of answering until it is disposed of.   Secs. 596 and 604, R. S. 1899; Hill v. Meyer, 47 Mo. 585; Fears v. Riley, 148 Mo. 60.   (3)   Notice of garnishment under our statutes attaches all property, money, etc., of the defendant in the hands of the garnishee at the time of the service of garnishment, or which may come into his possession between that time and the time (not for filing, but) of filing his answer; and it must be considered as filed at the time it was in fact filed.   Sec. 3436, R. S. 1899; Foster v. White, 9 Port. (Ala.) 221. (4)   Garnishee's liability for any indebtedness due the defendant undoubtedly extends up to the time of actually filing his answer to the interrogatories, and in some States having statutes similar to ours, even up to trial and judgment.   Secs. 2175 and 2187, Ala. Code of 1896; Lady Ensley Furnace Co. v. Rogers & Co., 95 Ala. 594; Devries v. Buchanan, 10 Md. 210; Nicholson & Son v. Crooks & Son, 56 Md. 55; Mullen v. McGuire, I Wkly. Case Notes (Pa.) 577.   (5) Appellant having voluntarily made disclosure up to the time of actually filing its answer, it can not now be permitted to say that it is not bound as to matters accruing subsequent to any time when it might have filed its answer.   Ins. Co. v. Corbett, 62 Ill. App. 236.   (6)   The rulings made on a former appeal is the law of the case when it comes before the court again on a second appeal, and all matters passed upon in the former decision are

*res adjudicata* and no longer open for dispute. Chapman v. Railroad, 146 Mo. 495.

GOODE, J.—At the February term, 1900, of the St. Louis Circuit Court, Lynn H. Dinkins recovered judgment against Frank E. Gottselig for the sum of $1,686.40 and the costs of the action. Since that time Dinkins has been endeavoring to collect the judgment by garnishment proceedings against the appellant, the Crunden-Martin Woodenware Company, by which Gottselig, the judgment debtor, has been employed as a salaried salesman.

Other phases of the contest have been presented and decided by this court on two former appeals. Dinkins v. Crunden-Martin Woodenware Co., 90 Mo. App. 639; Id., 91 Mo. App. 209.

The present controversy is the same one considered on the first appeal and arose from the citing of the appellant as garnishee on June 7, 1900, the execution by virtue of which it was summoned being returnable the first Monday of the following December.

Interrogatories were exhibited by the respondent December 5th when, on the garnishee's motion, the whole proceeding was quashed on the ground that it was void because the garnishee was summoned to appear at the second term of court after service instead of the first one.

An appeal was taken to this court, which reversed the judgment and remanded the cause with the direction that it be proceeded with in the usual course. Pending that appeal, it seems another writ of garnishment was sued out, which was the one involved in the second appeal.

After this cause was remanded the garnishee filed an answer to respondent's interrogatories February 25, 1902, and thereupon respondent filed a motion in the nature of a demurrer to the answer, for judgment on the pleadings, which motion was sustained and judgment entered by the court below on April 28, 1902.

The court found that at the date the answer was filed the appellant had in its possession $2,300 belonging to the defendant Gottselig and ordered that within ten days from the date of the judgment it pay said sum into court, or so much thereof as might be necessary to satisfy the judgment, interest and costs. From that order the garnishee took this appeal.

The interrogatories exhibited were in substance these:

1. Did the garnishee at the date of the service of the writ have in its possession, custody or charge, any goods, chattels, money or effects belonging to Gottselig?

2. Was it, at the service of the writ or at the time of the answer, indebted to Gottselig?

3. Was it at either time bound in a contract to pay Gottselig money which was not yet due?

4. Was not Gottselig in appellant's employ when it was served and has he not since continued in its employ?

The first two interrogatories were answered in the negative, but to the last two a conditional affirmative answer was given, setting out the nature of the contract between Gottselig and appellant.

This answer stated that when the garnishee was notified, Gottselig was in its employ under a verbal contract, the terms of which were that he should be paid one hundred dollars a month at the end of each month in the State of Mississippi, where he resided as agent of appellant, or in Louisiana, those two States being the territory in which he traveled as salesman. The answer further stated that Gottselig was authorized by the contract to draw on appellant at all times for such money as he needed to expend in promoting appellant's business and for no other purpose; but that at the end of each month he had the right to take out of the funds remitted to him the sum of one hundred dollars, or the amount of his salary for that month. Gottselig deducted one hundred dollars each month

from June to December, both inclusive for salary; but during all of said months he is alleged to have been largely indebted to the appellant on account of money remitted to him beyond the sum of his actual expenses and salary, so that during no month was the appellant in his debt, but during all of them Gottselig was in appellant's debt. In other words, as we understand the answer, Gottselig continually overdrew.

The answer states that on the first day of January, 1901, the contract was changed by raising Gottselig's salary to $125 per month, payable at the end of each month as before, in the State of Mississippi of which he was a resident, or in Louisiana. In other respects the contract continued as before.

The answer avers that thereafter during each month the money which Gottselig drew and which was remitted to him for expenses and salary largely exceeded those items, and that at no time was appellant in his debt but he was in appellant's debt, and when appellant answered, he owed it $629.49 on a balance of accounts and the further sum of $105 on account of a judgment against appellant as garnishee in favor of Dinkins, which it had satisfied; also for $20 attorney's fee allowed appellant for answering.

The answer further states that appellant allowed Gottselig to retain and convert out of the money remitted to him his monthly salary each month because it knew Gottselig was the head of a family, wholly insolvent and therefore entitled to an exemption against Dinkins' judgment to the amount of $300 under the statutes of the State of Missouri; that appellant credited Gottselig with his salary on its account with him, knowing the salary was exempt from garnishment and pleads the exemption in defense of this proceeding.

It is further stated that all money remitted to Gottselig after service of garnishment was in response to drafts made by him on the Crunden-Martin Woodenware Company on account of his anticipated expendi-

tures as agent and salesman, and that none of said remittances became the property of Gottselig.

It is alleged that appellant was not at any time indebted to Gottselig from the service of the garnishment to the date of answering except as above stated; wherefore appellant prays it be discharged.

The one hundred and five dollars and the attorney fee for which credit is claimed in the answer, pertained to the second garnishment proceeding, which was the cause disposed of in 91 Mo. App. 209.

The motion filed by the respondent for judgment avers that the answer of the garnishee, the substance of which has been quoted, shows Gottselig earned a salary under his contract with the garnishee to the amount of $2,300, and that said sum was paid to him by the garnishee between the date of service and the filing of the answer.

1. Jurisdiction of this garnishment proceeding to attach a debt due to a non-resident of the State from a resident of it, is properly entertained by a court of this State. Wyeth Mfg. Co. v. Lang, 127 Mo. 242.

2. It was unnecessary to introduce in evidence the judgment in favor of respondent against Gottselig in order to show respondent was a creditor of the latter and had duly established his demand, because, as this garnishment is on final process, it is a mere aid to the collection of said judgment, of which the court took judicial notice. Spengler v. Kauffman, 43 Mo. App. (St. L.) 5. If the appellant wished to question the judgment on appeal for any reason, it should have put it in evidence.

3. A computation of the salary earned by Gottselig between the service and the filing of the answer will show the judgment was not excessive; for his earnings amounted to more than the amount appellant was ordered to pay, after allowing the credit which the latter asked on account of the sum paid on the second garnishment.

4. The argument that the garnishment took effect only on such indebtedness as accrued from the appellant to Gottselig prior to the return term of the writ is unsound. In many jurisdictions, perhaps in most, notification of a garnishee makes him responsible to the judgment creditor for only property, effects or credits belonging or owing to the judgment debtor at the time the garnishee was summoned. But that is not the law in Missouri, as our statutes provide that notice of garnishment shall attach all personal property, credits, etc., which the garnishee has in his possession or owes at the time of service, or which may come into his possession or be owing by him between that time and the filing of the answer. R. S. 1899, sec. 3436.

An ingenious effort is made to impose on that section the construction that the garnishment binds the garnishee only as to debts owing or property held by him at the answering term, whether in fact an answer be filed or not. Two other sections (3445, 3446) require the garnishing plaintiff to exhibit interrogatories at the return term of the writ and the garnishee to answer in six days after interrogatories are filed, if the term continues that long, or during the term if it does not unless the court orders otherwise, and those sections constitute the basis of appellant's argument. The statutes undoubtedly provide means by which a garnishee can enforce speedy action unless good cause for delay exists. The plaintiff may be compelled to exhibit his interrogatories within the first three days of the return term and the garnishee may, if he chooses, answer at any time within sixty days. But if the answer is delayed, either by the action of the garnishee, as in this case, or for cause by the court, the effect of the garnishment is to subject to the plaintiff's demand whatever property of the defendant's the garnishee has, or whatever debt the garnishee owes the defendant when the answer comes in. This is true by the words of the statutes, which admit of no different interpre-

tation; for they say explicitly that the notice attaches not only all debts or property of the defendant the garnishee has or owes when served, but "all which may come into his possession or charge, or under his control, or be owing by him between that time and the time of filing his answer." This shows the policy of our statutes is to extend the efficacy of the garnishment beyond the service to the filing of the answer; and such is the law in States having similar statutes, some even continuing the force of the garnishment to final judgment. Reinhart v. Empire Soap Co., 33 Mo. App. (St. L.) 24; Furnace Co. v. Rogan & Co., 95 Ala. 594; Mullin v. McGuire, 1 Wkly. Notes Cases 577; Sweeting v. Wanamaker, 36 Id. 279; Brennan Sons v. Mohn, 169 Penn. St. 91; Thomas v. McDonald, 102 Iowa 564; Schubert v. Herzberg, 65 Mo. App. (K. C.) 578.

5. The answer does not state a contract for payment of Gottselig's wages in advance, or that they were paid in advance. On the other hand, it states they were to be paid at the end of each month and that he was allowed to retain his salary out of remittances sent to him. The answer attempts to state facts which show that Gottselig kept constantly in the debt of the appellant, so that at no time was anything owing by the latter to be garnished. But after the appellant was notified of the garnishment, it was not permissible for it to make remittances to Gottselig to cover expenses and salary without regard to what his expenditures or salary amounted to, and thus enable him to keep in appellant's debt by misusing part of the money sent to him. If that sort of course could be pursued by a garnished employer month after month for a year and a half, a judgment plaintiff could be cut off from any possibility of collecting his judgment by proceeding against the wages of an employee. Taking the averments of the answer most favorably to appellant, as we must, they show affirmatively that if Gottselig kept in the debt of the appellant or appropriated his wages

month after month subsequent to the garnishment, it was with the garnishee's consent and connivance. It is stated that appellant paid Gottselig his salary each month for many months after it was garnished and an answer containing such an averment shows no defense on the score of Gottselig's having misappropriated funds or overdrawn, since it clearly implicates the garnishee as a party to whatever he did.

6. Two good replies may be made to the attempt of the garnishee to claim exemption in favor of Gottselig; the answer avers the latter was a resident of Mississippi, hence, he was not entitled to hold his wages exempt under our statutes, which grant an exemption of the last thirty days' wages of an employee when he is the head of a family and a resident of this State. R. S. 1899, sec. 3435; Burlington etc. Ry. v. Thompson, 31 Kas. 180. Moreover, this exemption, if it existed, or if one existed by virtue of the execution statutes exempting personal property to the amount of three hundred dollars, either could only have been asserted by the judgment debtor himself, as it was a personal privilege of his own. Osborne v. Schutt, 67 Mo. 712; Connelly v. Chilcote, 25 Ohio St. 320.

7. The question which has bothered us most, although only suggested, not argued by counsel in their briefs, is as to the right of respondent to subject the future unearned wages of Gottselig to the payment of respondent's debt by garnishment process. This is a question on which the authorities are at variance. It must be determined by the language of our own statutes and the construction which has been placed on them.

As an original proposition the doctrine is unpalatable to us that the future wages of the head of a family, even though he resides in another State, can be thus appropriated. Considering the fact that the business of many mercantile, manufacturing and other establishments range over other States than those where the concerns are domiciled and that they often have

numerous foreign employees, we can easily see how a great hardship may be entailed by allowing unearned salaries to be thus seized, especially as our garnishment statutes carry the lien of the garnishment to the date of the garnishee's answer. Such companies may be deprived of the services of useful employees, who will refuse to continue to work for them if repeated garnishments continually absorb their wages so that they can not support their families. Installments periodically accruing for wages have been ruled by respectable courts to enjoy immunity from sequestration, garnishment or trustee process, and must necessarily be immune in jurisdictions where no credits are affected by notice of garnishment save such as the garnishee owes or has in his possession when notified. But some of the decisions which refuse to bind future unearned wages put the rule on a broader ground; namely, that there is no legal process by which such earnings can be reached and that out of consideration for a person's primary duty to support his family, equity will refuse to aid the law. Holmes v. Millage, 9 Times Law. Rep. 331; Central Bank v. Ellis, 20 Ont. App. 364; Norton v. Soule, 75 Maine 385; Weyman v. Hichborne, 6 Cuch. 264; Potter v. Kane, 117 Mass. 238. Some cases hold that under statutes making the garnishment take effect on all debts due at service or "thereafter to become due," unearned wages do not constitute a debt either due or to become due within the statutory intention. Thomas v. Gibbons, 61 Iowa 50; Foster v. Singer, 69 Wis. 392; Burlington etc. Ry. v. Thompson, supra; Van Bleet v. Shatton, 91 Tenn. 473.

There is also a line of cases, to be distinguished from the foregoing on principle, holding that where a round sum in the form of salary or some other remuneration is to be earned by the judgment debtor on an entire contract which has not been completed, such an indebtedness, while still unearned and unaccrued, can

Vol 99 app—21

not be garnished. Weber v. Botte, 51 Mich. 113; Hamilton v. Rogers, 7 Id. 135; Edwards v. Ropke, 74 Wis. 571. The theory of those decisions is that no debt can be garnished unless it is absolutely due as a money demand; and that is the law in this State. Holker v. Hennessey, 143 Mo. 80.

But the reasoning of none of the foregoing cases warrants us to exclude the wages Gottselig earned after the garnishment in this case from the effect of the writ, in view of the fact that under our statutes a garnishment grasps debts which are created or accrue between the time of service and the date of filing the answer, thus affording a complete legal method to reach the wages. When the answer was filed Gottselig's salary for the intervening months had been earned, was due as an absolute money demand free from any condition or contingency and was, therefore, such a credit as is subject to process in this State. Holker v. Hennessey, supra. As to the exemption of wages made by the statutes from public policy, that benefit is extended, as we have seen, only to residents of this State; we can not enlarge the statutes by construction to embrace a resident of another State. It is true Gottselig is the head of a family, but the law takes that fact into consideration and allows this wage exemption in favor of heads of families only when they reside in this State.

The question in all such cases turns on whether the garnishable character of the credit is determined with reference to the time of service of the writ or with reference to the time of answering. As has been said above, in many States it is determined as of the time of service; not so, however, in this State. If the claim of a judgment debtor against a garnishee is one for unliquidated damages when notice of garnishment is given, but becomes liquidated by a judgment between that date and the filing of the answer, the claim is subject to garnishment. Schubert v. Herzberg, 65 Mo. App. supra. In other words, in this jurisdiction,

whether or not the asset or credit proceeded against is of a kind which may be garnished, is to be ascertained by its quality and status when the garnishee's answer comes in, and in jurisdictions which have that rule an indebtedness falling due to the judgment debtor subsequent to notice to the garnishee is, of course, impounded. Ringold v. Suiter, 35 W. Va. 186; Newell v. Ferris, 16 Vt. 135; Leeds v. Sayward, 6 N. H. 83; Gore v. Varrell, 58 N. H. 78; Franklin Fire Ins. Co. v. West, 8 W. & S. (Pa.) 350; Hanover Ins. Co. v. Connor, 20 Ill. App. 297; Miller v. Scoville, 35 Id. 385.

It results that we are forced by the law of this State to hold that the wages of Gottselig which accrued prior to the date when the garnishee answered though subsequent to the notification of the garnishee, were subject to be impounded to pay respondent's judgment.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.