H. HOFFMAN & MORRIS COPPERSMITH, Doing Business as H. HOFFMAN & CO., Respondents, v. MECHANICS-AMERICAN NATIONAL BANK of ST. LOUIS, a Corporation, Garnishee, Appellant, M. FEUER & J. SPIEGEL, Doing Business as FEUER & SPIEGEL, Defendants.

St. Louis Court of Appeals.  Opinion Filed February 6, 1923.

1. **GARNISHMENTS: Garnishees: Liability: Must be Privity of Interest Between Garnishee and Defendant.** Liability of the garnishee to the plaintiff in the garnishment is no greater than it would be if the defendant was calling upon such garnishee to respond under the same state of facts, because the garnishee should not be put to the hazard of paying the same debt twice, and there must be some privity of interest between the garnishee and the defendant.

2. **PRINCIPAL AND AGENT: Subagents: Employed with Consent of Principal: Privity.** It is a general rule of law, as expressed in the maxim *delegatus non potest delegare,* that an agent has no power without the consent of his principal to delegate his authority to another, but this consent of the principal may be either expressly given or implied, and, when given in either manner, there is a privity between a principal and a subagent employed with his consent.

3. BANKS AND BANKING: Collections: Garnishments: Bank Transmitting Commercial Paper for Collection: Rights of Transmitting Bank: Rule Stated. Where one employs a local bank to collect, in a distant place, negotiable commercial paper, and does not make a special contract in relation to the transaction, he impliedly authorizes the bank to transmit the paper for collection and returns to a reputable, suitable, and competent subagent or correspondent bank; and, if such local bank in the usual course of business uses due diligence and transmits the paper to a reputable and competent subagent, its responsibility is at an end, unless it makes itself responsible by some later act.

4. ———: ———: ———: ———: Correspondent Bank Agent of Drawers of Draft: Proceeds Subject to Garnishment. Where the drawers of a draft employed a local bank as their agent to transmit the claim to its correspondent bank (the garnishee here) for collection, and such bank in pursuance of such employment, sent the draft to the garnishee with instructions to collect the amount from the plaintiffs, thus qualifying the contractual relation between the local bank and the drawers of the draft, the local bank discharged its duty to the drawers of the draft when it transmitted the draft to its correspondent bank with instructions to collect; and notice of garnishment having been served upon the correspondent bank, garnishee, immediately after the money was paid and before transmission to the forwarding bank, the garnishee is deemed to have collected the draft as the agent of the drawers, and the claim arising from the collection was due to the drawers from the correspondent bank, and was subject to garnishment in its hands by creditors of the drawers.

5. ———: ———: ———: ———: Transmitting Bank Acquiring Ownership of Draft: Proceeds not Subject to Garnishment by Creditors of Drawer. If the forwarding bank had purchased the draft from the drawers before it was sent to its correspondent bank, garnishee, then the fund would not have been subject to garnishment in the hands of the garnishee.

6. GARNISHMENTS: Attachments: Garnishees: Judgments: Judgment Cannot be Entered Against Garnishee Before Judgment Against Principal Defendant. Before a judgment can be entered against the garnishee one must have been rendered against the principal defendant.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Granville Hogan,* Judge.

REVERSED AND REMANDED.

OCTOBER TERM, 1922. 645

Hoffman & Coppersmith v. Nat. Bank of. St. Louis.

*Thomas D. Cannon* for appellant.

(1) The garnishee Mechanics-American National Bank of St. Louis was the agent of the Illinois National Bank of Springfield, Ills., payee in the draft; said garnishee was and is accountable only to the Illinois National Bank; there was no privity of contract or interest between the garnishee and Feuer & Spiegel, defendants in the attachment; said garnishee was not entrusted with any property or money by Feuer & Spiegel; garnishee owed Feuer & Spiegel nothing which could be enforced at law; attachment and garnishment are legal remedies only; the garnishee's instruction in the nature of a demurrer to the evidence at the close of the case should have been given. Atwood v. Hall, 17 Mo. App. 81; McCord v. Beetles (Disbrow), 58 Mo. App. 384, 386; Provenshere v. Reifuss, 62 Mo. App. 51; Hendrickson v. Trenton National Bank, 81 Mo. App. 335, 336; Peoples Savings Bank v. Hoppe, 132 Mo. App. 449; Wheeles v. Groc. Co., 140 Mo. App. 591; Brewing Co. v. Railroad, 145 Mo. App. 32; Typewriter Co. v. Cash Reg. Co., 156 Mo. App. 106; Lackland v. Garesche, 56 Mo. 267; Sheedy v. Second National Bank, 62 Mo. 17; State ex rel. v. Blair, 238 Mo. 154. (2) The demurrer to the evidence at the close of the plaintiff's case and all of the evidence should have been given; the circuit court was without jurisdiction to enter judgment in the cause against garnishee when it affirmatively appeared that judgment had not been entered in the attachment suit and that the garnishee was a national bank. Sec. 5242, R. S. 1878; Williams, Jur. and Practice of Fed. Courts, page 63 (chap, 3, section 15). (3) At the close of the evidence, it was the duty of the circuit court to direct a verdict in favor of the garnishee; the circuit court was without jurisdiction to enter judgment against the garnishee, when there was no judgment against the defendants in the attachment. It affirmatively appeared that no judgment was entered against the defendants

Feuer & Spiegel in the attachment suit. Simmons v. Railroad, 19 Mo. App. 542; Miller v. Anderson, 19 Mo. App. 71; Johnson Machy. Co. v. Watson, 57 Mo. App. 629; Hauptmann v. Whittle, 85 Mo. App. 188; Typewriter Co. v. Cash Register Co., 156 Mo. App. 107-109; Chicago Record Herald Co. v. Bryan, 195 Mo. 590; Section 1862, R. S. 1919. (4) In the case at bar the denial of the garnishee's answer, states no cause of action against the garnishee; the garnishee's demurrer to the evidence should have been sustained. Bambrick v. Bambrick Bros., etc., 152 Mo. App. 61; Taylor v. Dollins, 205 Mo. App. 246. (5) The proceedings by garnishment is essentially legal:. It is not equitable and no power exists in the circuit court to invoke equitable interference or to compel a settlement or adjustment of accounts between other parties; the Illinois National Bank, payee of the draft in question, was not a party to the proceeding, yet it held the legal title to the proceeds of the draft in the hands of the garnishee. Garnishee's demurrer to the evidence should have been sustained. Atwood v. Hale, 17 Mo. App. 88; Lackland v. Garesche, 56 Mo. 270; Provenschere v. Reifus, 62 Mo. App. 53; Mercantile Co. v. Beetles, 58 Mo. App. 389; Bank v. Barnett, 98 Mo. App. 479; Chapman v. Yancy, 173 Mo. App. 145; Cochrane et al. v. First State Bank, 201 S. W. 572; Section 1848, R. S. 1919. (6) When the Mechanics-American National Bank, garnishee, collected the proceeds of the draft for $887.27 and remitted therefor, the legal title to that fund was in the Illinois National Bank of Springfield, the payee and indorser. (a) At the time the draft was paid by H. Hoffman & Co., respondents and drawee of the said draft, by paying it, admitted the existence of the Illinois National Bank, its capacity, and right to indorse the draft. Section 848, R. S. 1919; Bank v. Bank, 148 Mo. App. 1, (b) The draft was a foreign Bill of Exchange and as such clothed with all the rights and privileges of such an instrument. Section 915, R. S. 1919.

(7) Judgment was entered in the case at bar for $887.27 against the garnishee, notwithstanding the amount sworn to in the attachment was but $694.29. This judgment is clearly erroneous and should be set aside. The circuit court ignored the direct command of the statute requiring the court to order the garnishee to pay to the sheriff as much of the fund, found to be in its hands belonging to the defendant, as will satisfy the plaintiffs' demand and stand discharged. Secs. 1852, 1862, R. S. 1919. (8) Instruction No. 1 asked by the respondents and given by the court is erroneous. Van Zandt v. Grocery Co., 196 Mo. App. 640; Section 1847, R. S. 1919; Albritton v. Kansas City, 192 Mo. App. 579; Rissmiller v. St. Louis & H. Ry. Co, 187 S. W. 573. (9) Instruction No. 2, asked by the plaintiffs and given by the court is erroneous. R. S. 1919, sec. 1862; (Cases cited under point 3). (10). The court erred in permitting counsel for the respondents, over the objections of the garnishee, to go beyond the limit of legitimate argument, in his closing argument to the jury, wherein said counsel went outside of the evidence in the case and interlarded his arguments with statements of alleged facts not in evidence and in no way relevant to the issues, but mere gossip and *innuendo,* for the purpose of prejudicing the jury against the garnishee in order to secure a verdict. Williams v. Columbia Taxi Cab Co., 241 S. W. 970. (11) The court erred in failing and refusing to reprimand counsel for the respondents because said counsel for respondents went outside of the evidence in the case, in his closing argument to the jury, by interlarding his argument with alleged facts and gossip not in evidence, for the purpose of creating a prejudice against the garnishee. Williams v. Columbia Taxi Cab Co., 241 S. W. 970. (12) By paying to the garnishee the sum of $887.27, the amount due upon the draft in which they were drawees, Hoffman & Co., respondents, could not make the garnishee, Mechanics-American National Bank, without the consent of said garnishee, the debtor of

Feuer & Spiegel, and thereby render the garnishee subject to garnishment, under the facts disclosed by the evidence in this case.    Scales v. Southern Hotel, etc., 37 Mo. 525; Section 1848, R. S. 1919.    (13) There was no privity of contract between Feuer & Spiegel and the Mechanics-American National Bank, garnishee, and said garnishee was not subject to garnishment, when service of process was had upon said bank.    The circuit court should have directed a verdict in favor of the garnishee at the close of the evidence.    Section 5242, R. S. 1878; Secs. 848, 915, 925, 1848, R. S. 1919.    (14) The court erred in admitting in evidence certain sheets, known as yellow sheets, and white sheets, and the testimony of the bank clerk, produced as a witness by the plaintiffs relating thereto, wherein said bank clerk, over the objections of the garnishee testified that the ''white'' sheets were used in forwarding items that the Illinois National Bank had advanced money upon and the ''yellow'' sheets were used in forwarding items upon which the Illinois National Bank had not advanced money.    (15) The court erred in admitting in evidence copies of correspondence, alleged to have passed between the Illinois National Bank, and the garnishee, without identification, and without accounting for the originals, and without notice to produce the originals, and without pleading the facts upon which it was claimed said letters or copies were admissible in evidence.    Said papers and the evidence of the bank clerk produced by the plaintiffs, were not competent for any purpose in the trial of the cause, and were very prejudicial to the garnishee.    (16) The court erred in admitting in evidence exhibits which purported to be ''copies'' of alleged letters and papers, the original of which could easily have been produced if they existed, or otherwise accounted for, if at all relevant to the issues in the case.

*Care Dubinsky* and *Aug. Walz* for respondents.

NIPPER, C.—Plaintiffs instituted an attachment suit against defendants, in the circuit court of the city

of St. Louis, on June 3, 1919, on which date a garnishment was issued and served upon the Mechanics-American National Bank of St. Louis, a corporation organized and doing business under the laws of the United States. The garnishment was ancillary to the attachment suit. Interrogatories were filed by plaintiffs, to which garnishee answered that it neither owed the defendants, Feuer & Spiegel, anything, nor had in its possession any of their property, and asked for an allowance for attorney's fees and expenses. Plaintiffs' denial of garnishee's answer, which is the first pleading proper in a garnishment proceeding, denied that at the time of the service of the garnishment upon the garnishee said garnishee did not have in its control and possession money belonging to the defendants; and further denied that said garnishee did not owe or have money in its possession belonging to the defendants; and "plaintiffs further state that on the third day of June, 1919, said plaintiffs paid to said garnishee a check in favor of the defendants, and that, at the time of the service of the said garnishment upon the said Mechanics-American National Bank, that the said bank did have in its possession belonging to the defendants, Feuer & Spiegel, the sum of $887.27. Wherefore, plaintiff prays," etc.

The garnishee's reply was a general denial, without any special plea.

A trial of said cause resulted in a verdict and judgment for the plaintiffs, whereupon the court ordered that the garnishee, within twenty days, pay into the registry of the court the sum of $887.27, found to be due defendants, as aforesaid. After overruling motions for new trial, and the garnishee failing to pay the amount directed into the registry of the court, judgment was entered against the garnishee in favor of the plaintiffs for the sum of $887.27. The garnishee thereafter duly perfected its appeal to this court.

The plaintiffs are junk dealers in the city of St. Louis, and the defendants are engaged in the same busi-

ness in Springfield, Illinois. In the early part of June, 1919, plaintiffs received a shipment of "junk" from the defendants at Springfield, Illinois. They received notice from the garnishee that it had a bill of lading and a draft directed against them for a car of junk from Feuer & Spiegel, of Springfield, Illinois. H. Hoffman, of H. Hoffman & Co., went to the bank and paid the amount of the draft. Immediately after the payment of said draft, which occurred on June 3, 1919, the notice of garnishment was served upon the garnishee by the sheriff, he being stationed in the bank and ready to make service as soon as the amount was paid. Plaintiffs then received the draft, marked paid, as well as the bill of lading. The draft was in words and figures as follows:

"Customers Draft.                          May 31, 1919.  8835
                                   Springfield, Ill., May 29, 1919.

At sight pay to the order of the Illinois National Bank $887 27-100 Eight Hundred eighty-seven and 27-10( dollars with exchange. Illinois National Bank. No. 1047. Springfield, Ill.

To H. Hoffman & Co.

       1-11 Biddle St.          FEUER & SPIEGEL,
          St. Louis.       .      .      by J. SPIEGEL,
                 (Indorsed on back):

Pay to the order of any bank or banker. All prior endorsements guaranteed. May 29, 1919. Illinois National Bank, 70-32, Springfield, Ill., 70-32. Logan Coleman, cashier."

The deposition of John W. Spiegel, of Feuer & Spiegel, was read in evidence, and, over the objections and exceptions of the garnishee, he testified that he and Morris Feuer were engaged in the junk business in Springfield, Illinois, and, that, when the shipment in question was made, he drew the draft on plaintiffs for $887.27, and signed the same "Feuer & Spiegel, by J. Spiegel."

The deposition of George H. Riecks was also read in evidence on behalf of plaintiffs, wherein he stated, over

the objections and exceptions of the garnishee, that he was a collection teller for the Illinois National Bank of Springfield, Illinois, and that Feuer & Spiegel presented said draft to the Illinois National Bank for collection; that the same was forwarded to the garnishee, and, on June 4, 1919, the regular and customary credit advice was received from the garnishee. The collection sheet of the Illinois National Bank disclosed that the draft was sent to the garnishee for "collection and return," with the further statement thereon that such was "received from Feuer & Spiegel." Riecks testified that Feuer & Spiegel's account at the Illinois National Bank was credited with the amount of the draft after it was notified by the garnishee that the same had been paid, but that no money was advanced nor any credit given Feuer & Spiegel on this draft prior to the payment thereof by plaintiffs to the garnishee and the receipt of notice of such payment, and that the Illinois bank had no interest whatever in this draft except as collecting agents of Feuer & Spiegel. He also testified that the instructions of the Illinois National Bank to the garnishee were that the amount was being collected for the account of Feuer & Spiegel. The files in the attachment suit of Hoffman & Co. v. Feuer & Spiegel were introduced in evidence, and the petition disclosed that in said suit plaintiffs asked judgment against defendants in the sum of $694.29, this being the amount which plaintiffs claimed defendants were indebted to them. The return on the writ of attachment disclosed that the defendants could not be found in the city of St. Louis.

The garnishee offered no evidence. The case was given to the jury under certain instructions given for plaintiffs and defendants, to which we will hereafter refer.

The first question with which we are confronted is, whether or not the demurrer of the garnishee should have been sustained. The liability of the garnishee to the plaintiffs in the garnishment is no greater than it

would be if the defendants were calling upon such garnishee to respond under the same state of facts, because the garnishee should not be put to the hazard of paying the same debt twice, and there must be some privity of interest between the garnishee and the defendants. [Dickinson v. Davis, 164 Iowa, 449.] This rule of law is well established in this State. The authorities are collected and reviewed at length in the case of Atwood v. Hale, 17 Mo. App. 81.

The question then is, whether or not there was any privity of contract between the Mechanics-American National Bank of St. Louis, and the drawer of the draft, Feuer & Spiegel, of Springfield, Illinois. It is a general rule of law, as expressed in the maxim *delegatus non potest delegare*, that an agent has no power without the consent of his principal to delegate his authority to another. This consent of the principal, however, may be either expressly given, or implied, and, when given in either manner, there is a privity between a principal and a subagent employed with his consent. [Beach v. Moser, 4 Kan. App. 66.] There can be no serious question about the foregoing propositions being sound, but the serious question here is, whether or not, in the absence of an express consent by the principal, a bank, acting as agent to collect a draft payable in another State, has implied power or authority to appoint a subagent who shall be responsible to the principal. There are two well known and widely different rules recognized by the courts of this country. The one is known as the Massachusetts rule, the other as the New York rule.

The Massachusetts rule is that, where one employs a local bank to collect, in a distant place, negotiable commercial paper, and does not make a special contract in relation to the transaction, he impliedly authorizes the bank to transmit the paper for collection and returns to a reputable, suitable, and competent subagent or correspondent bank; and, if such local bank in the usual course of business uses due diligence and transmits the

paper to a reputable and competent subagent, its responsibility is at an end, unless it makes itself responsible by some later act.

The New York rule is the antithesis of the Massachusetts rule, and is that, the local bank is the agent of the principal, and has no authority, in the absence of a special contract, to employ subagents, and such subagents are responsible to the forwarding bank, and the forwarding bank is responsible for the subagent's conduct. This rule dates from and rests upon the case of Allen v. Merchants Bank, 22 Wend. N. Y. 215. This was a divided opinion, fourteen to ten. The minority opinion written by NELSON, Chief Justice (afterwards of the United States Supreme Court) undertook to adopt the same doctrine as the Massachusetts rule, but the majority opinion was otherwise.

In Missouri the Massachusetts rule has been adopted. [Daly v. Butchers' & Drovers' Bank of St. Louis, 56 Mo. 94.] In that case it is held that, where a forwarding bank, with which a bill or draft is placed or deposited for collection, uses due diligence, and transmits the paper to a proper and competent correspondent, at a proper place to facilitate its collection, with proper instructions therefor, its responsibility is at' an end, unless by some after act it makes itself responsible. It may not be amiss to observe that this is not only the rule of law in this State, but the same rule of law has been adopted in the State of Illinois, where the draft was drawn. [Wilson v. Carlinville National Bank, 187 Ill. 222; Anderson v. Alton National Bank, 59 Ill. App. 587.]

In Vickers v. Machinery Warehouse & Sales Co., 111 Wash. 576, in an opinion by the Supreme Court of that State, en Banc, it is stated that, the custom of attaching bills of lading to drafts and passing the drafts along for collection has become so universal that the courts take judicial notice of the procedure. It is unnecessary for us to go that far in this opinion, because the procedure here is disclosed by the record.

It appears from this record that the defendants employed the Illinois National Bank as their agent to transmit the claim to its correspondent (the garnishee here) for collection. The Illinois National Bank, in pursuance of such employment, sent the draft to the garnishee with instructions to collect the amount from the plaintiffs, thus qualifying the contractual relation between the Illinois National Bank and Feuer & Spiegel. It may be said that the Illinois National Bank discharged its duty to Feuer & Spiegel when it transmitted the draft to the Mechanics-American National Bank with directions to collect; that such transmission was made through it by Feuer & Spiegel, and, the notice of garnishment having been served upon the garnishee immediately after the money was paid and before transmission to the Illinois National Bank, the garnishee may be deemed to have collected it as the agent of Feuer & Spiegel, and the claim arising from the collection was due to Feuer & Spiegel from the Mechanics-American National Bank. (Naser et al. v. First National Bank, 116 N. Y. 492.] There is sufficient evidence in this record from which the jury could have found that the garnishee knew, when the amount of this draft was collected from plaintiffs, that it belonged to the defendants, and not to the Illinois National Bank.

The reply of the garnishee was a general denial. It did not undertake to set up any plea that the money belonged to a third party, and the Illinois National Bank at no time made any claim to the funds. The undisputed evidence in this record shows that, the money which plaintiffs paid to the Mechanics-American National Bank on the draft drawn upon them by Feuer & Spiegel, was not the money of the Illinois National Bank, the payee named in the draft, but belonged to and was the property of Feuer & Spiegel, against whom the plaintiffs had filed an attachment suit; and we think that the evidence discloses a state of facts and a course of dealing in this case such as would have authorized defend-

ants in the attachment suit to have maintained an action against the garnishee for the recovery of this fund. At any rate, the Illinois National Bank made no claim to it. If the evidence had disclosed that the Illinois National Bank had purchased the draft from the defendants before it was sent to the garnishee, then this fund would not have been subject to garnishment in the hands of the garnishee. [See Provident National Bank of ·Waco v. Cairo Flour Co. (Tex. Civ. App.), 226 S. W. 499, and Merchants National Bank of Indianapolis v. Parker, 142 Ga. 265.]

On behalf of the garnishee, five separate instructions were given submitting the question to the jury as to whether or not the garnishee collected the draft in evidence and remitted to the Illinois National Bank before it was informed or knew that the proceeds of said draft were claimed or belonged to the defendants, Feuer & Spiegel; and the jury by its verdict answered this question adversely to garnishee's contention.

However, it nowhere appears in this case that any judgment was ever entered against Feuer & Spiegel in the attachment suit. In Hauptman & Co. v. Whittle, 85 Mo. App. 188, l. c. 191, it is said:

"The law is settled by the statute and adjudications, as well as the statement of text writers, that before a judgment can be entered against a garnishee one must have been rendered against the principal defendant. [R. S. 1889, sec. 5332; Miller v. Anderson, 19 Mo. App. 71; Drake on Attachment, sec. 460.] A judgment against the principal defendant is the foundation upon which that against the garnishee must rest; and one prosecuting a garnishment should show that he has a valid judgment against the defendant before. having one entered against the garnishee. The burden was on him and not the garnishee."

There is nothing said in Marx v. Hart, 166 Mo. 503, 66 S. W. 260, relied upon by plaintiffs, which announces any contrary rule. In the Marx case, supra, there was

a final judgment in the principal suit before any judgment was rendered in the garnishment proceeding. It follows, therefore, that the judgment cannot be permitted to stand. The Commissioner recommends that the judgment be reversed, and the cause remanded.

PER CURIAM:—The foregoing opinion of Nipper, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed, and the cause remanded. *Allen, P. J., Becker* and *Daues, JJ.,* concur.