STATE OF MISSOURI ex rel. ATHLETIC TEA COMPANY, Appellant, v. HENRY CAMERON, JOHN T. HOLME, W. B. PETTIBONE and J. P. HINTON, Respondents.*

St. Louis Court of Appeals. Opinion filed May 5, 1925.

1. **PLEADING:** Petition in Two Counts: Inconsistent: Motion to Elect: Oral Motion: Sufficiency. In an action against a constable and the sureties upon his official bond growing out of the levy of an execution, where the first count of the petition proceeded upon the theory that the execution was void upon its face and the second count alleged that the proceedings were regular and the execution valid

but that the constable acted oppressively, such counts were inconsistent, and, after overruling a demurrer on the ground that the counts were inconsistent, defendants, at the close of plaintiff's case, again orally moved the court to require an election, which motion the court sustained, and plaintiff was required to elect, *held* that no error lies on the ground that such motion made at the close of plaintiff's case was oral.

2. ———: ———: ———: **Plaintiff Must Elect Upon Which Repugnant Count he Will Proceed.** Plaintiff cannot proceed upon inconsistent counts, but he must elect upon which repugnant count he will proceed.

3. **APPELLATE PRACTICE:** Weight of Evidence: Appellate Court Cannot Disturb Verdict and Judgment of Trial Court if Supported by Evidence. The appellate court has nothing to do with the weight of the evidence, and, even though it may believe that the weight of the evidence was in favor of the appellant, it cannot disturb the verdict and judgment of the trial court where the evidence supports the verdict.

4. ———: ———: Verdict for Defendant: Supported by Substantial Evidence: Inferences. Where defendants prevailed at the trial, securing a verdict before the triers of fact, complaint of which is made on appeal, defendants' evidence and all reasonable inferences therefrom must be considered where there is substantial evidence *to support the verdict.*

5. **SHERIFFS AND CONSTABLES:** Executions: Justices of the Peace: Jurisdiction: Where Justice Has Jurisdiction of Subject-matter Constable Not Bound to Examine Into Validity of Judgment. Where a justice of the peace has jurisdiction of the subject-matter, the constable, a ministerial officer, is not bound to examine into the validity of a judgment, proceedings or process, but it is sufficient for his protection if the execution *is regular upon its face, even* though the officer may have been notified of defects in the proceedings.

6. **APPELLATE PRACTICE:** On Appeal Appellant is Confined to Theory Adopted in Trial Court. In an action against a constable and the sureties upon his official bond, arising out of the levy of an execution, where plaintiff's instruction, given to the jury at the trial, told the jury that if they found that said levy so made was excessive through honest mistake or judgment exercised in good faith by the constable, no recovery could be had, on appeal appellant is confined to that theory.

State ex rel. v. Cameron et al.

7. ———: ———: Instructions: Appellant's Instructions Submitting Theories to Jury as Sole Issue; Cannot on Appeal Resort to Different Theory of Recovery. In an action for damages against a constable and the sureties upon his official bond, arising out of the levy of an execution, where the question of agreement between appellant and the constable to hold the goods levied on in storage was submitted to the jury on instructions by appellant and on counter instruction by the defendants and appellant did not submit in any instruction its theory for recovery on account of alleged failure to return all of the goods so levied upon by the constable, appellant, by submitting these theories to the jury as the sole issue in the case, cannot, on appeal, resort to a different theory of recovery.

*Headnotes 1. Pleading, 31 Cyc., p. 663; 2. Pleading, 31 Cyc., p. 652: 3. Appeal and Error, 4 C. J., Section 2838; 4. Appeal and Error, 4 C. J., Section 2715; 5. Sheriffs and Constables, 35 Cyc., p. 1742; 6. Appeal and Error, 3 C. J., Section 625; 7. Appeal and Error, 3 C. J., Section 625.

Appeal from the Circuit Court of Marion County.—*Hon. Chas. T. Hays,* Judge.

AFFIRMED.

*Wm. T. Myers* and *John V. Lee* for appellant.

(1) It was error to sustain the oral motion to elect. Wamsganz v. Blanke-Wenneker Candy Co., 216 S. W. 1025 (Mo. App.), and cases there cited. (2) The judgment for defendants is against the evidence, and without any evidence for its support, and the motion for new trial should have been sustained. Perkins v. Cox, 242 S. W. 974; Roberts v. Quincy R. Co., 56 Mo. App. 60; Foley v. Alkire, 52 Mo. 317; Moore v. Mo. Pac. R. Co., 28 Mo. App. 622; Curtiss v. Driggs, 25 Mo. App. 175; Etlinger v. Kahn, 134 Mo. 492. (3) The verdict is the result of passion and prejudice, being clearly wrong and manifestly against the weight of the evidence. Coats v. Lynch, 152 Mo. 161; Christopher v. Architectural Iron Co., 85 Mo. App. 640; Snyder v. Wabash R. Co., 85 Mo. App. 495. (4) Without doubt, a Sheriff, Marshal or

other officer who takes property by virtue of legal proc-
ess is under some obligation to see to the protection of
such property against injury and loss. Silver v. McNeil,
52 Mo. 518; State ex rel. v. Edmondson, 71 Mo. App. 172;
State ex rel. v. Lindsay, 73 Mo. App. 473; Leise v. Mitch-
ell, 53 Mo. App. 563; Gilbert v. Peck, 43 Mo. App. 577.
(5)   A void judgment and execution furnishes no pro-
tection to the officer.   Ray v. Dodd, 132 Mo. App. 448;
Howell v. Caryl, 50 Mo. App. 440.   (6)   It was error to
give instructions C and D for defendants.   (7)   Defend-
ants made no proof that the judgment of the justice was
valid, as pleaded affirmatively.   State ex rel. Lichter v.
Miller, 48 Mo. 251.

*Lewis O'Connor and Rendlen & White* for respond-
ents.

DAUES, P. J.—This is an action against the re-
spondent Cameron, Constable of Mason township, Ma-
rion county, Missouri, and the sureties upon his official
bond.   The cause was tried to the court and jury, re-
sulting in a verdict and judgment for defendants, from
which plaintiff has appealed.

It appears that a judgment was rendered in the
justice's court in favor of one Courtney against relator
the Athletic Tea Company, the appellant in this cause.
Execution was issued upon said judgment and the con-
stable levied upon certain properties of the Tea com-
pany, which properties consisted of coffee, tea, spices,
etc., which the Tea company kept stored in a livery barn
in the city of Hannibal.   The levy was made by locking
and nailing up the door to the room in the barn where the
property was then stored.   Thereafter the Hannibal
Court of Common Pleas, in a *certiorari* proceeding, set
aside the judgment of the justice and the property was
restored by the constable to the Tea company.   The
property was levied upon in June, 1921, and was released
in October, 1921.

The first count of the petition proceeded upon the theory that the execution under which the constable made the levy was void upon its face, and that the constable therefore held said goods without any authority and that the action of the constable upon said void execution was a trespass against the rights of plaintiff and to plaintiff's damage.

The second count alleged that the proceedings were regular and the execution valid, but that the constable acted oppressively by taking goods of the value of $1,000 to satisfy a judgment and costs of $53.27; that the goods so levied upon were of a perishable nature and that it therefore was the duty of the constable to give immediate notice of execution and sale and to return the execution within thirty days; that he failed to do so, and retained the goods for about four months; that he failed to preserve same to prevent them from deteriorating while in his control; that after the judgment of the justice had been declared null and void in the *certiorari* proceeding in the Common Pleas Court, the constable turned back only a part of the goods so levied upon, and that a large portion of said goods had deteriorated by reason of a lack of care thereof. The total damage alleged in the second count is $979.99.

The respondents demurred to the petition on the ground that the counts were inconsistent. The court overruled this demurrer, whereupon respondents answered that the justice had full and complete jurisdiction of the subject-matter, and that the execution was duly and regularly issued and was regular and valid on its face. The answer further alleges that the constable under said execution levied upon one hundred and fifty packages of tea and coffee, together with certain other articles of similar character, and that the constable exercised his best judgment in good faith in making said levy; that he took into possession under the execution only such property as he deemed necessary to satisfy the judgment and costs. It is then alleged that on or about

June 18, 1921, when appellant filed its petition by *certiorari* to have the judgment of the justice set aside, the respondent constable entered into an agreement with the attorney and agent for the relator Tea company that the property should remain in the room where the constable had locked up same, and that all matters should remain *in statu quo* until the final determination of such *certiorari* proceedings in the Common Pleas Court, and that immediately upon the determination of the *certiorari* proceedings the constable turned back and delivered to the Tea company all the property levied upon in pursuance of such understanding between the constable and the Tea company's agent, and that the appellant therefore is estopped from claiming any damage done to said merchandise while same was in the possession of respondent Cameron as constable. The answer further denies that the property held under the execution was damaged or in anywise injured while in the possession of the constable, but that all such property was returned in good merchantable condition.

The cause proceeded, and at the close of plaintiff's case the defendant again orally moved the court to require an election by relator on which count it would stand. The court sustained such motion to elect, whereupon appellant elected to proceed upon the second count, which was the cause of action on the theory that the execution was vaid as above set out. The proof of the defendants was to the effect that the constable levied upon only such amount of goods as he thought was enough to pay the judgment, costs and expenses. The constable himself testified in this regard, as follows: "I levied upon what I though was enough to pay the $50 and expenses. It did not look like to me there was more than $40 or $50 worth of goods in the building. I knew nothing about the value of the tea, coffee or dishes." The constable further testified that he securely locked the place where the goods were stored and kept same at said place until the *certiorari* proceedings were determined; that imme-

diately upon the *certiorari* proceedings being filed, he met the attorney and agent for the relator, the Tea company, and that it was agreed between said attorney and the constable that nothing should be done in regard to the execution or proceedings and that the property should remain just as it was then stored until the court of record passed upon the matter under such *certiorari* proceedings, and that he kept such property in such condition until it was released again to the Tea company.

There is a sharp conflict in the evidence between the parties as to the value of the commodities kept in the storeroom under the execution, and the constable's testimony, as brought into the evidence by deposition, is by no means as convincing as his testimony given at the trial. This is also true with reference to the testimony of the constable with reference to the agreement made with the agent of the Tea company. However, there is substantial evidence on the part of defendants that the constable in good faith levied upon only so much property as he deemed would cover the judgment and costs, and also that he had a distinct agreement with the Tea company that the goods should remain in the barn until the *certiorari* proceedings were determined. It is defendant's testimony also that substantially all of the goods were returned to the Tea company, some of the coffee and tea and other merchandise having been destroyed by mice and vermin, and some of such merchandise having deteriorated by reason of heat and the time of storage.

It is appellant's first insistence that the court erred in sustaining the oral motion to elect, and to support such contention the case of Wamsganz v. Blanke-Wenneker Candy Co., 216 S. W. 1025, is strongly relied upon. That case is one wherein an oral motion to elect was overruled, and it was decided that the trial court did not commit error in disallowing the motion because same was not timely made. However, in that case the petition was not demurred to. The defendant there at the

close of plaintiff's case for the first time moved that the plaintiff be required to elect. No such motion having been filed before that time, and no demurrer having been offered to the petition, the court held that the movant was in no position to complain because such motion was untimely made, and that the matter was waived even though the election might properly have been required if timely raised. It does not appear by any means that the court would have held it error had the lower court required an election at the close of plaintiff's case.

In the instant case a demurrer was offered charging that the counts were inconsistent. Being there unsuccessful, the defendants again, at the close of plaintiff's case, orally called the matter to the court's attention, and we think no error lies on the ground that such motion made at the close of plaintiff's case was oral. The law, of course, is well established that the plaintiff cannot proceed upon inconsistent counts, but he must elect upon which repugnant count he will proceed. [Snyder v. Toler, 179 Mo. App. 376, l. c. 380, 166 S. W. 1059.] And, indeed, there are authorities to sustain the position that where inconsistent counts are joined in the same petition, plaintiff may be compelled at the close of his evidence to elect upon which of his counts he will take the verdict. [Roberts v. Railroad, 43 Mo. App. 287, l. c. 289; Southworth Co. v. Lamb, 82 Mo. 342, l. c. 248; Behen v. Transit Co., 186 Mo. 430, 85 S. W. 346.] The counts were clearly inconsistent, and the court's action in requiring an election was not error.

The main argument of appellant's brief really amounts to a complaint that the weight of the evidence is strongly in favor of the appellant. It is true, there is probative evidence on the part of the plaintiff challenging the testimony of the defendants as to the material issue offered under the second count. However, it hardly requires the citation of authorities on the proposition that this court, an appellate tribunal, has nothing to do with the weight of the evidence, and even though

we may believe that the weight of the evidence was in favor of the appellant, we cannot disturb the verdict and judgment of the trial court if defendants' evidence supports the verdict.

The defendant prevailed at the trial, securing a verdict before the triers of the fact, and the defendant's evidence and all reasonable inferences therefrom must be considered where there is substantial evidence to support the verdict. [Whiteaker -. Railroad, 252 Mo. 438, l. c. 452, 160 S. W. 1009; City of St. Louis v. Railroad, 248 Mo. 10, 154 S. W. 55.] And accordingly, since we find substantial evidence to support the verdict, we must leave that question where we find it. It is conceded in this case that the justice of the peace had jurisdiction of the subject-matter, and there are authorities to the effect that where a justice has jurisdiction of the subject-matter, the constable, a ministerial officer, is not bound to examine into the validity of the judgment, the proceedings or the process. It is sufficient for his protection if the execution was regular upon its face and the court from which it was issued had jurisdiction of the subject-matter. This is the case, even though the officer may have been notified, among other things, of defects in the proceedings. [Owls' Nest v. Haines, 189 Mo. App. 433, l. c. 436, 176 S. W. 513.]

Appellant's instruction, however, submitted to the jury the question of excessive levy, and by the instruction so offered the jury were told that if they find that said levy so made was excessive through honest mistake or judgment exercised in good faith by the constable, no recovery could be had. This is the theory adopted by appellant, and appellant is confined to that theory. [White v. Pierce, 213 S. W. 512; O'Hara v. Gas Light Co., 244 Mo. 395, 148 S. W. 884.]

The question of agreement between appellant and the constable to hold the goods in storage at the barn was submitted to the jury on instructions by appellant and on a counter-instruction by defendants. We observe

from the instructions that appellant did not submit in any instruction plaintiff's theory for recovery on account of alleged failure to return all of the goods so levied upon by the constable, and under the instructions fairly submitting the issues, and under the evidence, the jury returned a verdict for the defendants. Appellant's instructions submitting these theories to the jury as the sole issue in the case cannot now resort to a different theory of recovery. We have examined the other points made, but do not find them availing under the present state of the record. Judgment is affirmed. *Becker* and *Nipper, JJ.,* concur.