THEODORE J. WOLFLEY, RESPONDENT, v. WILLIE T. WOOTEN, DEFENDANT, INTERNATIONAL LIFE INSURANCE COMPANY, A CORPORATION, (GARNISHEE) APPELLANT.*

St. Louis Court of Appeals. Opinion filed February 21, 1927.

1.—Bills and Notes—Acceleration Clauses—Binding. Where in both a principal note and in the deed of trust securing it, there were acceleration clauses, which provided that if default was made in the payment of interest or in case of failure to perform any of the covenants contained in the deed of trust, the principal sum, together with the interest due and accrued thereon should, at the option of the legal holder of the note, become due and payable without notice, **held** that the contract thus made was binding.

2.—Same—Same—Default—Maturity of Debt—Optional—Holder Must Exercise Option. Where both the principal note and the deed of trust securing it contained acceleration clauses, providing that if default was made in the payment of interest, or in case of failure to perform any of the covenants contained in the deed of trust, the entire indebtedness should, at the option of the legal holder of the note, become due and payable without notice, and it was undisputed that an interest note was not paid and that the taxes for certain years were in arrears, **held** such default did not **ipso facto** mature the entire debt for the reason that the contract of the parties made it optional with the legal holder whether or not the entire indebtedness

should be declared to be at once due and payable, hence after such default, there must be some affirmative action evidencing the exercise of the holder's option.

**3.—Same—Same—Same—Notice—Evidence—Maturity of Entire Indebtedness Listed—Option Properly Exercised.** Where both the principal note and the deed of trust securing it contained acceleration clauses, providing that in case of default in the payment of interest, or the failure to perform any of the covenants contained in the deed of trust, the entire indebtedness should become due and payable without notice at the option of the legal holder of the note, listing the entire indebtedness by the legal holder on its records as at once due and payable was such an affirmative action as to constitute a valid exercise of its option, and the fact that defendant may have been given no notice of such election is immaterial.

**4.—Same—Same—Same—Same—After Option Exercised Makers Could Not Pay Arrears and Restore Note.** After the legal holder of a note, containing acceleration clause, providing that if there was default in the payment of interest, or in the performance of any of the covenants of the deed of trust securing it, the entire indebtedness should, at its option, become due and payable without notice, had exercised its option to mature the entire indebtedness, the obligation of the defendant became fixed and it was no longer within her power to pay the amount in arrears and thus restore the note to good standing.

**5.—Garnishments—Garnishees—Liability—Limited.** In a garnishment proceeding, plaintiff, as a creditor of defendant, could assert no greater rights against garnishee, than defendant herself could have claimed against it, and where defendant could not have compelled garnishee to pay the amount claimed to be owing, plaintiff had no right to hold such fund by his garnishment.

**6.—Appellate Practice—On Appeal Appellant is Confined to Theory Adopted in Trial Court.** A case cannot be tried upon one theory in the trial court and decided upon a totally different theory in the appellate court, and the theory adopted by the parties in the trial of the case is the theory upon which the case must be heard, considered, and decided in the appellate court.

Corpus Juris-Cyc References: Appeal and Error, 3 Cj, p. 718, n. 49, 50; 4CJ, p. 662, n. 82; Bills and Notes, 8CJ, p. 139, n. 93, 94; p. 200, n. 26; p. 417, n. 86, 90, 91; Garnishment, 28CJ, p. 241, n. 27; p. 242, n. 30; Mortgages, 41CJ, p. 413, n. 40, 41; p. 414, n. 45; p. 851, n. 60, 64.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Victor H. Falkenhainer, Judge.

REVERSED.

*John M. Atkinson* for appellant.

(1) The court erred in overruling the demurrer of the International Life Insurance Company, appellant herein, offered at the close of all the evidence of the case, because the uncontradicted evidence showed that appellant had the absolute right as a matter of law to apply the proceeds of the $6000 life insurance policy on its indebtedness then due from defendant, Willie T. Wooten. Brown v. Kennedy,

309 Mo. 335, 274 S. W. 357, and authorities therein cited.  8 C. J., section 611, page 417; Rumsey v. People's Ry. Co., 154 Mo. 615; Webb v. Insurance Company, 134 Mo. App. 576.  (2)  The court erred in its findings of fact that the appellant, as garnishee, did not at any time exercise any option which the garnishee had under the provisions of said note and deed of trust.  Brown v. Kennedy, supra; Rumsey v. People's Ry. Co., supra; 8 C. J., section 611, page 417.  (3)  The court erred in its findings and conclusions of law that under the facts and the pleadings the plaintiff was entitled to have and receive sufficient of the $6000 proceeds from said life insurance policy with which to pay plaintiff's judgment.  Brown v. Kennedy, supra, and authorities there cited.

*Hall & Dame* for respondent.

(1)  If Willie T. Wooten, the defendant, could have compelled the International Life Insurance Company, garnishee, appellant, to pay over to her any part of the fund due her on the insurance policy from the garnishee, then Theodore J. Wolfley, plaintiff, respondent, had a right to hold such part of the policy fund by his garnishment. 28 C. J. 280, 297; Firebaugh v. Stone, 36 Mo. 111; Simon v. Norton, 66 Mo. App. 178.  (2)  Only such part of garnishee's claim against the defendant as had matured could have been set off against defendant in a suit by defendant against the garnishee for the money due defendant on the insurance policy.  Defendant could have compelled payment to her of the balance.  An unmatured claim against the principal debtor cannot be set off by a garnishee.  28 C. J. 281; Iler v. Bank, 69 Mo. App. 64.  (3)  The principal of the debt owing to garnishee by the defendant had not matured by expiration of its time to run, and could not have matured at all unless by virtue of an option in favor of garnishee to accelerate maturity by reason of default in payment of interest and taxes.  For such option to be effective it was necessary for the evidence to show that the option was exercised.  19 R. C. L. 496; Swon v. Stevens, 143 Mo. 384; Phillips v. Bailey, 82 Mo. 639; Whelan v. Reilly, 61 Mo. 565; State ex rel. v. Ross, 136 Mo. 259; Potter v. Schaffer, 209 Mo. 586; 21 A. L. R. 1547, note; 51 L. R. A. (N. S.) 151, note; McCarty v. Goodsman (N. D.), L. R. A. 1918 F. 160; 12 L. R. A. (N. S.) 1190, note. (4)  The evidence shows that no option to accelerate maturity of the mortgage debt owing by defendant to garnishee was exercised, and the trial court sitting as a jury so found.  Such finding being supported by the evidence is conclusive.  Wilson v. Reed, 279 Mo. 406, 407.  (5)  The indebtedness clause of the insurance policy gave garnishee no right to set off against the beneficiary of the policy, defendant, an unmatured obligation of the insured or the beneficiary,

and it gave garnishee no right to set off a debt owing by insured or the beneficiary which was wholly extrinsic to the policy. 37 L. R. A. (N. S.) 555, 557, note; Ansen v. N. Y. Life Ins. Co., 252 Ill. 369, reported in 37 L. R. A. 555.

BENNICK, C.—This is an appeal by the International Life Insuance Company, as garnishee from a judgment rendered against it for the sum of $1,477.60. On January 3, 1923, plaintiff instituted an action on a promissory note against defendant Wooten and sued out a writ of attachment, obtaining service on her in the State of Arkansas in accordance with the provisions of the statutes providing for service of summons in another State, and on said date sued out a writ of garnishment, which was duly served upon the International Life Insurance Company as garnishee. Plaintiff obtained a judgment against defendant in the original cause for the sum of $1,410.77.

In due time plaintiff propounded interrogatories in conventional form to the International Life Insurance Company, as garnishee, to which it answered, denying that it had in its possession or under its control any property of or owed any money or credits to defendant; and for further defense it alleged that defendant and her husband, James A. Wooten, had jointly obtained from it a loan in the sum of $7,000, as evidenced by their joint promissory note; that at the time of the death of said James A. Wooten he was insured in a certain policy of life insurance issued by garnishee in the sum of $6000; that said policy of insurance had been taken out by him for the purpose of furnishing to garnishee additional security for the loan aforesaid; that at the time of the death of said James A. Wooten, and at the time said policy of insurance became due and payable, defendant and her said husband were jointly indebted to garnishee in the sum of $8,414.42; and that, under and by virtue of the provisions of said policy of life insurance, the garnishee had a right to apply the proceeds of said policy upon the indebtedness of defendant and her husband.

In due course, plaintiff filed his denial of garnishee's answer, in which he denied that the garnishee had any right to apply the proceeds of said policy of life insurance upon the indebtedness of defendant and her husband to the garnishee; and he averred that, if the garnishee had such a right, it did not exceed the right to apply a sufficient portion of $6,000, to pay up the defaulted indebtedness on the loan of $7,000, and alleged that there would be an amount in excess of $2,500 remaining from the proceeds of the policy of life insurance to be applied upon the debt due and owing to plaintiff.

The reply of the garnishee to plaintiff's denial of its answer was itself a denial of each and every allegation of new matter therein,

After a trial before the court, a jury having been waived, judgment was rendered against the garnishee as aforesaid, from which it has duly perfected its appeal.

The evidence discloses that defendant and her husband, James A. Wooten, who resided in Desha county, Arkansas, on December 1, 1919, obtained an improvement loan in the sum of $20,000 from appellant, International Life Insurance Company, through the instrumentality of plaintiff, a loan agent, with offices in the city of St. Louis. As a matter of fact, however, appellant actually loaned them only $7000 and agreed to lend them an additional sum of $13,000 provided that certain improvements were made by them within three years upon the lands in Desha county, Arkansas, upon which a deed of trust securing the indebtedness was at the time given. The loan was made for a period of ten years from December 1, 1919, and a series of interest notes were executed, one payable on the 1st of December of each year thereafter.

The principal note executed to appellant by defendant and her husband was in conventional form and contained the following acceleration clause:

"It is expressly agreed that if default be made in the payment of interest, or in case of failure to perform any of the covenants in the trust deed securing this note, then, at the option of the legal holder hereof, the said principal sum, with the interest due and accrued thereon, shall become at once due and payable, without notice, and may be collected immediately, nothing herein contained to the contrary notwithstanding."

The deed of trust executed by defendant and her husband provided (among other things) that they should pay all taxes and assessments, general and special, and insurance and other charges against the property and make certain improvements upon the land. Said deed of trust also contained an acceleration clause in the following terms:

"But should default be made in the payment of any evidence of indebtedness hereinbefore referred to (whether principal note or interest coupon) or any part thereof as the same becomes due and payable, or if there shall be a breach of any covenant or warranty herein, express or implied, or if the said grantor fails or neglects in any respect to fully keep or perform any one or more of the covenants and agreements herein contained, or if there shall be any default in the immediate repayment to trustee or International Life, their successor or assigns, of any amount paid by it or them, if any, for any and all taxes, general or special, redemption, insurance, or to discharge liens, or to protect title or possession, with interest as hereinbefore specified, then International Life, its successor or assigns, may thereupon, at its or their option, consider and declare

without notice as immediately due and payable (and enforce the collection of) not only the principal note or notes and interest coupon or coupons, if any, previously due according to its or their terms, but also all principal indebtedness evidenced by any and every other principal note hereinbefore referred to with interest thereon at the rate therein specified from its last preceding interest coupon maturity by the tenor and effect thereof, and this deed of trust date until paid, without notice, though not then due may thereupon be foreclosed by court proceeding and payment of all indebtedness enforced.''

On December 29, 1919, a policy of life insurance in the sum of $6000 was issued by appellant to James A. Wooten, naming defendant as the beneficiary therein. This policy was taken out by Wooten at the suggestion of plaintiff, was a transaction entirely separate from the negotiations for the loan, and was not intended as additional collateral therefor. Said policy contained the following clause:

''Any indebtedness to the company will be deducted in any settlement of this policy, and, in the event of the death of the insured, any balance of the premium for the insurance year remaining unpaid will also be deducted.''

On December 23, 1922, James A. Wooten died, although the proof of his death was not filed with appellant until March 23, 1923. It appears that the first two interest notes had been promptly paid by him as they fell due, but that the third note, due on December 1, 1922, had not been paid. Furthermore, the taxes on the land for the years 1920 and 1921, were in arrears, so that there was a delinquency amounting to $1,414.42 in the way of interest and other charges due at the time of Wooten's death. On January 3, 1923, when the summons to garnishee was served upon appellant, there was due appellant from defendant the sum of $7,575.41 (if we assume that the principal of the loan was due), which amount did not include the arrears in taxes in a sum approximating $1,000.

On December 5, 1922, appellant wrote Wooten asking that he make prompt remittance of the amount of interest due and also that he send tax receipts for the years 1920 and 1921. On December 20, 1922, appellant again wrote him to the same effect, and advised that no delinquent principal and interest notes would be carried in its annual statement of December 31st of that year. A similar letter was again written to him on December 26th, appellant not having been at the time advised of his death. Having received no response from Wooten or defendant, appellant on December 31, 1922, did list the loan as in default in its annual statement and so carried it in its records thereafter. However, no actual proceedings for foreclosure under the deed of trust were instituted by appellant, awaiting the final determination of the prior litigation; nor did defendant, or

220 Mo. App.—43.

any one for her, at any time thereafter offer to pay all or any part of the outstanding indebtedness.

Appellant argues that the court erred in overruling its demurrer offered at the close of the entire case. It contends, first, that, prior to the service of the writ of garnishment upon it, the entire indebtedness of defendant and her deceased husband had become due and payable; and, second, that, under the terms of the policy of insurance, it had the right to apply the proceeds of said policy to the payment of such indebtedness. The issues before us are thus clearly drawn, and the disposition of the case depends upon the decision as to the correctness of both of the above contentions.

Addressing ourselves to the first of such issues, we find that both in the principal note and in the deed of trust were acceleration clauses, which provided, in effect, that, if default was made in the payment of interest, or in case of the failure to perform any of the covenants contained in the deed of trust, (such, for example, as the covenant to pay taxes), the principal sum, together with the interest due and accrued thereon, should at the option of the legal holder of the note becomes due and payable without notice. It has been held that parties are free to contract in this regard as they may deem fit, and that their contracts thus made are binding. [Meier v. Meier, 105 Mo. 411, 429, 16 S. W. 223, and cases cited therein; 41 C. J. 413.]

It is undisputed that the third interest note, due December 1, 1922, was not paid, and that the taxes for the years 1920 and 1921 were in arrears. Such default, however, did not *ipso facto* mature the entire debt, for the reason that the contract of the parties made it optional with appellant whether or not the entire indebtedness of defendant and her husband should be declared to be at once due and payable. The question next arising, therefore, is, when, if ever, did appellant exercise its option under such accelerative provision in the contract?

Although the parties had seen fit to contract that no notice was required from appellant to defendant of its act in availing itself of such provision, yet some affirmative action evidencing such election on its part was required of appellant. [19 R. C. L. 497, 41 C. J. 851.] Manifestly the several letters from appellant to defendant's deceased husband were not sufficient, inasmuch as they could be held to constitute no more than a declaration of appellant's intention, in the event the interest was not paid and the tax receipts supplied, to declare the whole debt due and payable at some future time. But on December 31, 1922, appellant did list the entire indebtedness on its records as at once due and payable, and we cannot escape the conclusion that, in so doing, it took such affirmative action as to constitute a valid exercise of its option; and, by reason of the terms of the contract, the fact that defendant may have been given no

notice of such election is immaterial. [8 C. J. 417.] Furthermore, inasmuch as the acceleration clause appeared in the note, which was the basic part of the contract, after its option to mature the entire indebtedness had been exercised by appellant, the obligation of defendant was fixed and it was no longer within her power to pay the amount in arrears and thus restore the note to good standing. [Brown v. Kennedy, 309 Mo. 335, 274 S. W. 357.]

Thus on January 3, 1923, when the writ of garnishment was served upon it, there was due and owing to appellant from defendant a sum considerably in excess of the amount of the proceeds of the policy of life insurance. Of course, plaintiff, as a creditor of defendant, could assert no greater rights against appellant, as garnishee, than defendant herself could have claimed against it. [Holker v. Hennessy, 143 Mo. 80, 44 S. W. 794; Hoffman & Coppersmith v. National Bank, 211 Mo. App. 643, 249 S. W. 168; Roberts v. Hodges (Mo. App.), 222 S. W. 859; Shuck v. Ford (Mo. App.), 206 S. W. 427; Stewart Land Company v. Romig (Mo. App.), 218 S. W. 892; Locke .v. Woodman (Mo. App.), 225 S. W. 352; 28 C. J. 241.] That is, if defendant could not have compelled appellant to pay over to her the proceeds of such policy, plaintiff had no right to hold such policy fund by his garnishment.

In this connection appellant contends that, under and by virtue of the provision in the policy of life insurance to the effect that any indebtedness to the company would be deducted in any settlement of the policy, it had the right to set off the debt of defendant to it against that of it to her. Whether it actually had such right under the facts of the case at bar would ordinarily be a question of much concern to us, inasmuch as the indebtedness of defendant to it did not grow out of and was wholly extraneous to the policy. The few authorities that a rather comprehensive search has brought to our attention are almost evenly divided on this question. Plaintiff, however, in the lower court tried the case upon the theory, as shown by his requested declaration of law, that appellant was entitled to deduct from the proceeds of the policy "the amount accrued as past due upon the interest notes and obligations of said deed of trust." Certainly, if part of the indebtedness could be thus deducted, appellant would be clearly entitled to set off the entire indebtedness of defendant to it against the sum due defendant under the policy. It is well settled that a case cannot be tried upon one theory in the trial court and decided on a totally different theory in the appellate court, and that the theory adopted by the parties in the trial of the case is the theory upon which the case must be heard, considered, and decided in the appellate court. [In re Guardianship of Angela McMenamy, 307 Mo. 98, 270 S. W. 662; Feil v. Wells (Mo.), 282 S. W. 25; Simpson v. Wells, 292 Mo. 301, 237 S. W. 520; Hayes v. Kansas

City, 294 Mo. 655, 242 S. W. 411; Lorenz v. Bull Dog Automobile Ins. Ass'n (Mo. App.), 277 S. W. 596; Plannett v. McFall (Mo. App.), 284 S. W. 850; State ex rel. v. Cameron, 216 Mo. App. 683, 273 S. W. 746.]

It is apparent, therefore, that appellant, through the exercise of its right of set off, did not have in its possession any funds owing to defendant at the time the writ of garnishment was served upon it, from which it follows that the demurrer to all the evidence should have been sustained. For such reason the Commissioner recommends that the judgment of the circuit court be reversed.

PER CURIAM:—The foregoing opinion of Bennick, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed. *Daues, P. J., Becker* and *Nipper, JJ.,* concur.