DON ANDERSON ENTERPRISES, INC., a Missouri Corporation, and the Levee, Inc., a Missouri Corporation, Plaintiffs-Respondents,

v.

ENTERTAINMENT ENTERPRISES, INC., a Missouri Corporation, and Mel Kleb, Sr., Defendants-Appellants.

No. KCD 30504.

Missouri Court of Appeals, Western District.

Oct. 1, 1979.

Motion for Rehearing and/or Transfer· Denied Oct. 29, 1979.

Application to Transfer Denied Dec. 6, 1979.

Charles C. Shafer, Jr., Kansas City, for defendants-appellants.

Frank P. Barker, III, Barker, Rubin & Sonnich, Kansas City, for plaintiffs-respondents.

Before DIXON, P. J., TURNAGE and KENNEDY, JJ.

DIXON, Presiding Judge.

Entertainment Enterprises, Inc., and Mel Kleb appeal from a judgment in a court-tried case on a promissory note given as part of the purchase price of three taverns.

Review is pursuant to Rule 73.01 as circumscribed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The sole issue is the fact and propriety of acceleration of the note sued upon by the plaintiffs.

Don Anderson Enterprises, Inc., and The Levee, Inc., owned and operated three taverns. Don Anderson, as an officer and director of the plaintiffs, entered into an agreement with Entertainment Enterprises for the sale of the three taverns. The agreement provided for a down payment of $8,000 with a promissory note of $24,000 payable in initial monthly payments of $750 increasing to $1,000. Mel Kleb, Sr., executed his personal guarantee of that note.

The sale agreement provided, among other things, that the promissory "note shall provide for acceleration in the event of default in the payment of any installment . . .. Default shall be construed as failure to pay amount due within fifteen (15) days after notice to Buyer."

The clause in the Note provided: "Should default be made in payment of any installment when due, the whole sum of principal shall become due and payable at the option of the holder of the Note after fifteen (15) days from deposit of written notice of default . . . ."

It was also provided in the agreement and the note that upon involuntary termination of the tenancy for twelve (12) months from the date of notice all installments due after the date of notice shall be void, and the note shall become void.

Timely monthly payments on the note of $750 per month were made through November, 1975. In December, Entertainment Enterprises made a payment of $64.74 with notations of deductions for utility payments. Upon receipt of the December, 1975 check, Mr. Anderson called Mr. Kleb, Sr., and asked about the difference. Mr. Kleb told him Entertainment Enterprises had paid certain utility accounts owed by Mr. Anderson for periods before the closing date, and deducted them from the note payment.

Entertainment Enterprises made timely payments on the note for the months of January, February, and March, 1976. However, Entertainment Enterprises failed to make the April, 1976, payment on April 1, when due. Don Anderson mailed to Entertainment Enterprises two notices on April 7, 1976. One notice demanded payment for the balance of the December, 1975, payment, and the other demanded the entire April, 1976, payment.

On April 21, 1976, Mr. Anderson sent a second notice. That notice stated:

Notice is hereby given that the note dated October, 1975 in the face amount of $24,000 is in default. Demand is hereby made for the sum of $1,525.62 which is in default. Notice is hereby given that the note dated October, 1975, in the face amount of $24,000 is in default, and that the holder thereof has declared the whole sum due and payable. Demand is hereby made for payment of the entire amount of the outstanding debt. The holder of

the note, by giving this notice, does not waive any other right under the terms of this Note.

Thereafter, Entertainment Enterprises paid the April, 1976 payment. Don Anderson, on May 12, 1976, sent to Entertainment Enterprises a letter and two notices of default, one for the $1,000 May payment then overdue and the other for the balance of the December, 1975 payment still not paid.

Each notice contained the following:

Notice is hereby given that the note dated October, 1975, in the face amount of $24,000 is in default, and that the holder thereof has declared the whole sum due and payable. Demand is hereby made for payment of the entire amount of the outstanding debt. The holder of the note, by giving this notice, does not waive any other right under the terms of the Note.

On May 30, 1976, a fire destroyed the three taverns which were the subject of the sale agreement.

Suit was filed on July 19, 1976, to determine the rights of the parties and to collect the balance of the note pursuant to the acceleration option of the note and sale agreement. The trial court entered judgment against Defendants Entertainment Enterprises and Mel Kleb, Sr., individually, in the amount of Nineteen Thousand Seven Hundred Seventy-Five and no/100 Dollars ($19,775.00) plus interest.

Defendants argue the court erred in awarding judgment to Anderson because an unequivocal, affirmative election to accelerate had not been made and that, even if the notices be considered as such an election, they were not timely because the fire terminating the leases occurred before a valid acceleration.

■ An option to accelerate the entire balance of a note is not a self-executing provision. A clear, unequivocal affirmative act is necessary to invoke an option to accelerate. *Capital City Motors, Inc. v. Thomas W. Garland, Inc.,* 363 S.W.2d 575 (Mo.1962); *Wolfley v. Wooten,* 220 Mo.App. 668, 293 S.W. 73 (1927); *Putthoff v. Walker,* 213 Mo.App. 228, 248 S.W. 619 (1923).

■ The language of the sale agreement and note made the acceleration clause optional. Plaintiffs did take such affirmative action. The notices mailed from respondents to Entertainment Enterprises on April 21, 1976, and on May 12, 1976, were clear and unequivocal in stating the acceleration provisions were being invoked. The contention of the defendants that the notices were mere expressions of intent to accelerate at some future time is without merit.

The April 21 and subsequent notices are set forth above. These notices were more than merely notices to accelerate. They were affirmative, overt acts evidencing an intention to accelerate the note. Thus, the instant case can be distinguished from *Wolfley v. Wooten, supra,* where the court held several letters from the creditor were only threatening letters and were not sufficient alone to exercise the acceleration option.

■ The second branch of the argument, that the notices were not timely, depends upon defendants' further contention that the language of the acceleration clause in the sale agreement and the language of the acceleration clause in the note must be construed together.

The sale agreement provided:

Such note shall provide for acceleration in the event of default in the payment of any installment and shall provide for prepayment, at anytime without penalty. Default shall be construed as failure to pay amount due within fifteen (15) days after notice to Buyer.

The clause in the note provided:

Should default be made in payment of any installment when due, the whole sum of principal shall become due and payable at the option of the holder of this Note after fifteen (15) days from deposit of written notice of default in the United States Mail . . .

Defendants contend the only logical reading of the provisions is to read them together. They claim a default occurs if there is a

failure to pay the installment due 15 days after notice, and when default occurs then the whole balance of the principal becomes due and payable at the option of the holder after another 15 days from date of notice. Thus, a minimum of 30 days is required for the holder to exercise his option to accelerate.

Assuming without deciding that the contended construction is correct, there was still a proper exercise of the option. Plaintiff sent a demand letter for payment of the overdue balance of the December, 1975, payment and the overdue April, 1976, payment on April 7, 1976. If this notice was according to the terms of the sale agreement, a default would have occurred 15 days after April 7th. A subsequent notice was postmarked April 21, 1976. Thus, in any event, the option to accelerate could be exercised after 15 days of the April 21 notice.

The April payment was paid; however, the balance of the December payment remained in default. On May 12, 1976, more than the 15-day period of continuing default under defendants' theory, a demand letter for the balance of the December payment and for the now overdue May payment, which clearly and unequivocally exercised the acceleration clause, was sent. Therefore, as to the unpaid balance of the December payment and any conceivable view of the documents, a default and acceleration were declared.

Defendants, apparently recognizing the inherent fault in the notice argument, contend there can be no acceleration of the December balance due. They argue one cannot accelerate a note when the holder of the note is not entitled to anything.

Anderson testified Mel Kleb told him by telephone the remaining balance of the December payment was deducted to offset utility accounts paid by Entertainment Enterprises. Anderson further testified that he had agreed to allow such an offset provided he was furnished with evidence of such payment. Anderson never received any such evidence from Entertainment Enterprises or Mr. Kleb up to the date of trial.

Neither was there any evidence produced at trial in support of the claimed utility payments by way of either cancelled checks or receipts.

It is well established in Missouri that the burden of proving payment on a note rests with the party asserting payment. *General Electric Company v. Construction Associates, Inc.,* 426 F.Supp. 986 (E.D.Mo.1977); *Williams v. Cobb,* 239 S.W.2d 770 (Mo.App.1951); *Johnson v. Johnson,* 352 Mo. 787, 179 S.W.2d 605 (1944); *Miller v. Gayman,* 482 S.W.2d 414 (Mo.1972). The defendants failed to meet the burden of proof to support that branch of the argument.

Defendants' brief contains a second point which can be dismissed with a brief discussion. The contention is that the trial court erred in failing to give any accord to the "good faith" requirement of Section 400.1–208 RSMo 1978. The statute clearly reflects that it is concerned with situations where a creditor can deem itself "insecure" and accelerate the balance due "at will." Neither the sale agreement nor the note in the present case provided for such an option. Section 400.1–208 RSMo 1978 is inapplicable to this case.

There was substantial evidence to support the judgment. The judgment was neither against the weight of the evidence nor was the law erroneously declared or applied. *Murphy v. Carron, supra.*

The judgment is affirmed.

All concur.